Johnifer ROSTON *v.* STATE of Arkansas

CR 04-588                                      208 S.W.3d 759

Supreme Court of Arkansas
Opinion delivered May 19, 2005

*Joseph P. Mazzanti, III,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Brad Newman,* Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Justice. Johnifer Roston appeals Chicot County Circuit Court's revocation of his probation. He maintains that the trial court violated his Sixth Amendment right to confront and cross-examine adverse witnesses by denying him the opportunity to question a confidential informant and crime lab personnel during his parole revocation hearing. The State does not

contest that Roston was denied the opportunity to cross-examine these witnesses, but instead argues that any error that may have occurred at the hearing was harmless.

Roston was on probation for possessing a controlled substance when he was arrested for selling powder cocaine and crack cocaine to a confidential informant. At the parole revocation hearing, a special agent with the Drug Task Force testified that he had been contacted by a woman who believed that she could buy drugs from Roston and who was interested in working as a confidential informant. The agent agreed to work with the informant, outfitted her with an audio and video recorder, and gave her photocopied "buy money." A short time later, the informant returned to the police station carrying two plastic baggies that appeared to contain powder and crack cocaine, and a video tape that showed Roston selling what he purported to be cocaine. The police then arrested Roston and found the photocopied buy money in his wallet. The state crime lab later returned a report confirming that the substances in the baggies were indeed cocaine.

At the hearing, Roston objected to this testimony on the basis of hearsay. He also objected to the introduction of the crime lab report because he had filed a demand for the State to produce crime lab personnel for cross-examination pursuant to Ark. Code Ann. § 12-12-313 (Repl. 1999), and the State had failed to do so. The trial court overruled his objections, revoked his probation, and Roston now appeals.

With respect to the confidential informant, Roston's confrontation-clause argument is not preserved for appeal. At trial, Roston objected solely on the basis of hearsay; he made no mention of his constitutional right to due process or the confrontation clause. On appeal, however, his argument does not address hearsay but instead centers entirely on the trial court's violation of his constitutional right to confront adverse witnesses. This court has repeatedly stated that it will not address an argument, even a constitutional one, that is raised for the first time on appeal. *Jones v. Arkansas Dept't of Human Services*, 361 Ark. 164, 205 S.W.3d 778 (2005). Roston's first argument on appeal therefore will not be addressed.

Roston's argument concerning crime lab personnel, however, is preserved for appeal. He argues that it was a violation of the confrontation clause for the trial court to refuse to allow him the opportunity to question crime lab personnel after he had properly

demanded to do so, pursuant to Ark. Code Ann. § 12-12-313. The State counters that any error that may have occurred was harmless in light of the remaining evidence.

Trial error involving the Sixth Amendment right to confront adverse witnesses is subject to a harmless-error analysis. *Gatlin v. State*, 320 Ark. 120, 895 S.W.2d 526 (1995). Whether a confrontation-clause violation is harmless error depends on a variety of factors, including "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and . . . the overall strength of the prosecution's case." *Delaware v. Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431 (1986); *Andrews v. State*, 344 Ark. 606, 42 S.W.3d 484 (2001).

█ Roston's probation was subject to revocation for possessing a controlled substance, alcohol, or a firearm, or for otherwise committing offenses punishable by incarceration in jail or prison. The videotape of his encounter with the confidential informant shows Roston selling what he purported to be cocaine, and under Ark. Code Ann. § 5-64-401(b)(1)(i) (Supp. 2003), it is a felony to sell counterfeit drug substances. Roston had committed an offense punishable by incarceration, and was therefore subject to a revocation of his probation, whether or not the substances found in the two baggies were narcotics. The crime lab personnel's testimony was not necessary to prove the prosecution's case. In addition, the special agent testified that the search of Roston's home yielded marijuana, alcohol, and a firearm, all of which violated the terms of his probation.

Affirmed.