SLIP OPINION

# ARKANSAS COURT OF APPEALS

### DIVISION IV
#### No. CR-13-1090

| | | |
|---|---|---|
| JAMES M. GREEN | | Opinion Delivered MAY 6, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–06–222] |
| STATE OF ARKANSAS | | HONORABLE DAVID GOODSON, SPECIAL JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## BART F. VIRDEN, Judge

James Green was found by the circuit court to have violated the conditions of his probation and was sentenced to thirty-six months in the Arkansas Department of Correction. For his only point on appeal, Green asserts that the circuit court committed reversible error by allowing testimony into evidence in violation of the Confrontation Clause.[1] The State concedes that the Confrontation Clause was violated but contends that the court's error was harmless. We affirm.

### I. *Facts*

On March 16, 2006, Green pleaded guilty to furnishing prohibited articles, a class B felony, and was sentenced to forty-eight months' supervised probation. He was ordered to pay fines, fees and court costs; enroll in and complete a program to attain a high school diploma

---

[1] Our court previously remanded this case for the record to be settled and supplemented. *Green v. State*, 2014 Ark. App. 580.

or GED; report to his parole officer; avoid criminal behavior, and submit to drug testing. On October 26, 2007, the prosecuting attorney filed a petition to revoke Green's probation on the grounds that he had failed to pay fines, costs, and fees, failed to report to his probation officer, failed to notify the sheriff and the probation officer of his current address and employment, and for possession and use of drugs. A warrant was issued on October 29, 2007. Green was arraigned on March 16, 2012, and a hearing was set for June 26, 2012. He failed to appear, and a bench warrant was issued. On July 31, 2013, he appeared again before the court, and the hearing was set for September 9, 2013.

At that hearing, Amy Peyton, who handles all the fees, fines, costs, and other court assessments at the Crittenden County Sheriff's Department, testified that Green never paid any of the $50-a-month installments of his fines, costs and fees, and that he never contacted the department.

Next, Mary Marshall, probation officer for the Department of Community Correction, testified that she received Green's file the day of the hearing and after reviewing it she saw that he had not paid his fines. Green's attorney objected, stating, "She has never been the probation officer in this case. She received the file for court today, and therefore, she doesn't have any personal knowledge." The court overruled the objection. Marshall went on to testify that the one time Green reported to his probation officer on October 27, 2007, he tested positive for cocaine, opiates, and marijuana. Green's attorney objected to Marshall's testimony, citing the Confrontation Clause. Again, his objection was overruled. Marshall testified that Green never paid his fees, and he never reported to his probation officer again.

Green testified on his own behalf. He stated that during October 2007 he was

homeless, using drugs, and that he had done odd jobs for people over the years. After completing a drug-rehabilitation program, he moved in with his father and credited having a stable place to live with his success in staying drug-free. After his father passed away in March 2013, he inherited his father's house. He testified that he never paid fines, costs, or fees and that he did not report to his probation officer because prior to living with his father he was living in Memphis against the order of the court. When asked if he had done anything he was ordered to do, he testified that he "didn't do anything."

Green was found to have violated the conditions of his probation and was sentenced to thirty-six months in the Arkansas Department of Correction. A timely notice of appeal was filed September 11, 2013.

## II. *Standard of Review*

The State must prove by a preponderance of the evidence that appellant violated a condition of probation. *Williams v. State*, 351 Ark. 229, 233, 91 S.W.3d 68, 70 (2002). But it need only prove that a defendant violated one probationary term or condition before a circuit court may revoke probation. *Rudd v. State*, 76 Ark. App. 121, 124, 61 S.W.3d 885, 888 (2001). We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Williams*, 351 Ark. at 234, 91 S.W.3d at 70. Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation or a suspended sentence. *Id.*, 91 S.W.3d at 70. Determining whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the testimony. *Id.*, 91 S.W.3d at 70–71.

## III. *Confrontation Clause*

SLIP OPINION

In *Goforth v. State*, 27 Ark. App. 150, 152, 767 S.W.2d 537, 538 (1989), this court set

forth the right to confront the witness during a revocation hearing:

> Although in a revocation hearing a defendant is not entitled to the full panoply of rights that attend a criminal prosecution, he is entitled to due process. Because due process is a flexible concept, each particular situation must be examined in order to determine what procedures are constitutionally required.
>
> In *Gagnon v. Scarpelli*, 411 U.S. 778, (1973), the United States Supreme Court held that in a revocation proceeding the accused is entitled to the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation). This holding has been codified at Ark. Code Ann. § 5-4-310(c)(1) (1987) which states:
>
>> The defendant shall have the right to confront and cross-examine adverse witnesses unless the court specifically finds good cause for not allowing confrontation.
>
> In a probation revocation proceeding the trial court must balance the probationer's right to confront witnesses against grounds asserted by the State for not requiring confrontation. First, the court should assess the explanation the State offers of why confrontation is undesirable or impractical. A second factor that must be considered, and one that has been focused on by a number of courts, is the reliability of the evidence which the government offers in place of live testimony.

(Some internal citations omitted.)

The State concedes that Green's right to confront the witness was violated when the

circuit court overruled the objection to Probation Officer Marshall's testimony that the one

time Green reported to his probation officer on October 27, 2007, he tested positive for

cocaine, opiates, and marijuana. However, the State asserts that, despite the violation of the

Confrontation Clause, the violation was harmless error because Green testified at the hearing

that he had used drugs, failed to check in with his probation officer, failed to pay his fines and

that despite his successful efforts to reform his behavior over the past year, he had never

complied with the terms of his probation. We agree, and on this point we affirm.

Trial error involving the Sixth Amendment right to confront adverse witnesses is subject to a harmless-error analysis. *Gatlin v. State*, 320 Ark. 120, 895 S.W.2d 526 (1995). Whether a Confrontation Clause violation is harmless error depends on a variety of factors, including the importance of the witness's testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and the overall strength of the prosecution's case. *Delaware v. Van Arsdall*, 475 U.S. 673 (1986); *Andrews v. State*, 344 Ark. 606, 42 S.W.3d 484 (2001).

The Arkansas Supreme Court has previously dealt with harmless error concerning a violation of the Confrontation Clause in a revocation hearing. In *Roston v. State*, 362 Ark. 408, 208 S.W.3d 759 (2005), the circuit court refused to allow the appellant the opportunity to question crime-lab personnel after he had demanded to do so. The court held that, despite the circuit court's violation, the error was harmless:

> Roston had committed an offense punishable by incarceration, and was therefore subject to a revocation of his probation, whether or not the substances found in the two baggies were narcotics. The crime lab personnel's testimony was not necessary to prove the prosecution's case. In addition, the special agent testified that the search of Roston's home yielded marijuana, alcohol, and a firearm, all of which violated the terms of his probation.

*Id*. at 410, 208 S.W.3d at 760–61.

In the present case, Peyton's testimony that Green did not pay his fines as ordered, and Green's own testimony of the myriad ways he did not comply with the terms of his probation made Marshall's testimony unnecessary for the prosecution to prove that Green's probation should be revoked.

Affirmed.

GRUBER and WHITEAKER, JJ., agree.

*C. Brian William*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., and Vada *Berger*, Ass't Att'y Gen., for appellee.