

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-15-687

| | |
|---|---|
| | **Opinion Delivered** APRIL 13, 2016 |
| JAMES LEE MCCLAIN | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| APPELLANT | [NOS. CR-2011-212-1 & CR-2013-1606-1] |
| V. | |
| | HONORABLE MARK LINDSAY, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## DAVID M. GLOVER, Judge

James McClain appeals the May 7, 2015 revocation of his probation. As his sole point of appeal, he challenges the sufficiency of the evidence supporting the revocation. We affirm.

On February 22, 2011, McClain was charged with felony nonsupport in Case No. CR2011-212-1. He entered a guilty plea to one count of nonsupport and was sentenced to 120 months of supervised probation. He was subsequently charged with the offense of second-degree battery in Case No. CR2013-1606-1; he entered guilty pleas, both to the battery charge (CR2013-1606-1) and to a petition to revoke the probation he had received in the nonsupport case (CR2011-212-1). By sentencing order entered on December 4, 2013, on revocation of the felony nonsupport offense, he received 120 months of suspended imposition of sentence, and on the second-degree battery offense, he received 72 months' probation. Both his suspended sentence and probation included in the terms and conditions that he commit no new violations of the law.

SLIP OPINION

On March 27, 2015, the State filed a petition to revoke in both cases, alleging McClain had violated the terms and conditions of his suspended sentence and probation by failing to appear for trial in Washington County, Arkansas, and by being convicted of one felony offense and three misdemeanor criminal offenses in the State of Oregon.

At the May 6, 2015 revocation hearing, the State introduced evidence that McClain had failed to appear as ordered for a trial in Washington County, Arkansas, on July 7, 2014, and evidence showing that McClain had been convicted of four offenses in Lane County, Oregon. McClain then testified he had a medical condition that often required hospitalization and that he was in the hospital in Springdale, Arkansas, on July 7, 2014, when he was supposed to be in court. He claimed he called the court from the hospital to tell someone he would not be able to make it. He further testified he had appealed the Oregon convictions and they were still pending. McClain did not introduce any other evidence to support his own testimony.

Following the hearing, the trial court concluded McClain had violated the terms of his probation and his suspended sentence by committing new criminal offenses and by failing to appear for court. The trial court explained in pertinent part,

> 5.      That the State presented exhibits showing that while Defendant was subject to these conditions, the Defendant pled guilty to a Felony criminal offense and three Misdemeanor criminal offenses in the State of Oregon, and additionally, presented an exhibit showing Defendant Failed to Appear for Court for Trial, C Felony, in the State of Arkansas.
>
> 6.      That Defendant took the stand to testify on his behalf and admitted that he was the same person who was shown in all of these exhibits. The Defendant also made the assertion that he was in a hospital at the time of the Failure to Appear but could not state which hospital and had no other proof that he was actually in any hospital at the time of his Failure to Appear.



7.      That this Court found the State proved its case by the Preponderance of the Evidence that Defendant was in violation to the terms of his Probation and his Suspended Sentence for committing new criminal offenses and for failing to appear for court. This finding was based on the exhibits received and the testimony of the Defendant.

The trial court revoked both McClain's probation and suspended sentence and sentenced him to six years on the second-degree battery and ten years on the nonsupport, to be served concurrently in the Arkansas Department of Correction.

The State must prove the violation of a probation condition by a preponderance of the evidence. *Green v. State*, 2015 Ark. App. 291, 461 S.W.3d 731. However, the State need only prove a defendant violated one probationary term or condition before a circuit court may revoke probation. *Id.* We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation or a suspended sentence. *Id.* Determining whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the testimony. *Id.*

As his sole point of appeal, McClain contends there was insufficient evidence to support his revocations. He argues he provided a reasonable excuse for not appearing in court on July 7, 2014, because he was hospitalized in Springdale, Arkansas, and unable to attend court.

McClain does not challenge the trial court's alternative basis for revocation, i.e., his convictions from the State of Oregon. This fact alone allows us to affirm the revocations without addressing the merits of his argument. *Morgan v. State*, 2012 Ark. App. 357. Even if we were to address the merits of his argument, we would find no clear error in the trial

court's findings. McClain provided no evidence to the trial court beyond his own bare assertion he was in the hospital when he was supposed to appear in court in Washington County. Matters of credibility are for the trial court. *Green*, *supra*. The trial court clearly did not believe McClain's account of why he did not appear for trial, and he provided no evidence beyond his own testimony to support his excuse for not appearing.

Affirmed.

KINARD and HOOFMAN, JJ., agree.

*David Hogue*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.