SLIP OPINION



Cite as 2016 Ark. App. 387

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–1007

| | |
|---|---|
| | **Opinion Delivered** September 7, 2016 |
| ANDREW KEATON COX | APPEAL FROM THE WASHINGTON |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. CR-13-1377-6] |
| V. | |
| | HONORABLE JOANNA TAYLOR, |
| STATE OF ARKANSAS | JUDGE |
| APPELLEE | |
| | REBRIEFING ORDERED |

## WAYMOND M. BROWN, Judge

Appellant Andrew Cox pled guilty to battery in the first degree in August 2014, and he was sentenced to three years' probation. The State filed a petition to revoke appellant's probation on January 9, 2015, alleging that he had violated its conditions by committing domestic battery in the second degree and by failing to pay his court-ordered fees. The revocation hearing took place on August 12, 2015. The court found that appellant had violated the terms of his probation and sentenced him to three years' imprisonment followed by an additional three years' suspended imposition of sentence. Appellant argues on appeal that the trial court erred in allowing non-expert testimony. We do not reach the merits of appellant's case due to deficiencies in his brief, abstract, and addendum.

SLIP OPINION

Arkansas Supreme Court Rule 4–2(a)(5)(A)[1] requires that an appellant create an abstract of the material parts of the transcript in the record. Information is material if it is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Here, appellant has failed to abstract all of the material parts of the transcript, including the testimony that formed the basis of this appeal as well as the court's ruling and the testimonial evidence relied on by the court to find appellant in violation.

Additionally, the format used by appellant in the abstract is a violation of our rules. Appellant used the question-answer format, which is to be used only in extraordinary situations where a short exchange cannot be converted to a first-person narrative without losing important meaning.[2]

Appellant has fifteen days from the date of this opinion to file a substituted brief, abstract, and addendum that complies with our rules.[3] The deficiencies we have noted are not to be taken as an exhaustive list. We strongly encourage counsel to review the rules and to ensure that no other deficiencies are present prior to filing the substituted brief, abstract, and addendum.

Rebriefing ordered.

GLADWIN, C.J., and HOOFMAN, J., agree.

*Carey E. Lyles Dowdy*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

[1](2015).

[2]Ark. Sup. Ct. R. 4–2(a)(5)(B)(2015).

[3]Ark. Sup. Ct. R. 4–2(b)(3)(2015).