SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-166

| | |
|---|---|
| MOHAMMED B. SIDDIQ <br><br> APPELLANT <br><br><br> V. <br><br><br><br> STATE OF ARKANSAS <br><br> APPELLEE | **Opinion Delivered** September 21, 2016 <br><br> APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-2007-669] <br><br> HONORABLE BOBBY McCALLISTER, JUDGE <br><br> AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Mohammed Siddiq appeals from an order of the Saline County Circuit Court revoking his probation and sentencing him to 180 months in the Arkansas Department of Correction. We find no error and affirm.

Appellant entered a plea of nolo contendere to one count of aggravated robbery in the Saline County Circuit Court. The circuit court sentenced appellant to 120 months' probation at that time. As a probationer, appellant was subject to certain terms and conditions, including conditions that he must not commit a criminal offense punishable by imprisonment and must not associate with persons who had been convicted of a felony or persons who were engaged in criminal activity.

The State subsequently filed a petition for revocation of appellant's probation, alleging that he had committed the offenses of false imprisonment, robbery, aggravated assault, and

third-degree battery and that he had associated with persons who were engaged in criminal activity. Following a hearing, the circuit court found that appellant had violated the terms and conditions of probation, revoked his probation, and sentenced him to 180 months in the Arkansas Department of Correction. Appellant filed a timely notice of appeal and now argues that the evidence was insufficient to support the revocation of his probation.

Our standard of review in cases involving the revocation of probation is well settled. The State must prove the violation of a probation condition by a preponderance of the evidence. *McClain v. State*, 2016 Ark. App. 205, 489 S.W.3d 179; *Green v. State*, 2015 Ark. App. 291, 461 S.W.3d 731. We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id*. Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation or a suspended sentence. *Id*. Determining whether a preponderance of the evidence exists turns on questions of credibility and the weight to be given to the testimony. *Id*.

On appeal, appellant argues that the testimony at the revocation hearing was "replete with inconsistencies, contradictions, and outright lies." He therefore contends that the "State's reliance and the trial court's acceptance of the inconsistent and contradictory testimony of the State's witnesses were clearly against the preponderance of the evidence." He also asserts that the circuit court's "apparent determination of credibility (which was provided without explanation[1]) cannot be reconciled with the testimony and evidence."

---

[1] At the conclusion of the hearing, the court stated that it would "find that the allegations in that petition [for revocation] are true for committing the offenses of robbery, aggravated assault, battery in the third, and associating with persons who are engaged in

More specifically, appellant argues that the State failed to present evidence to establish any criminal activity on his part or that he was associated with individuals involved in criminal activity. We disagree.

The testimony and evidence introduced at trial came from several of appellant's acquaintances, as well as his brother, Yoosuf Siddiq. Although several of the witnesses' stories contradicted each other in some respects, the evidence tended to show the following sequence of events. On March 13, 2014, appellant spent the morning with his girlfriend Brittany Potter, Erica McNeely, and Kalus Austin. Brittany, Erica, and Kalus were taking Xanax and smoking marijuana while appellant was "just drinking." Later in the day, Brittany discovered some money missing, and she formed a suspicion that Erica and Kalus had taken it. Several people became involved in an attempt to recover the missing money. Appellant, Brittany, and Jonathon Cox got into one vehicle; Yoosuf, Ronald Spears, and Xavier Reed got into another car; and all of them drove to the America's Best Inn in Bryant, where Erica and Kalus were staying.

Once they arrived at the hotel, the five men went to Erica and Kalus's room. After Kalus let them in, a "tussle" broke out between appellant and Kalus. Several witnesses, including Jonathon, Erica, and Xavier, said that they saw appellant hit Kalus first. After the men left the hotel room, Erica noticed that a pair of Air Jordan sneakers and a necklace had

---

criminal activity."

been taken. Shortly thereafter, she heard gunshots.[2] After police were called to the scene, Bryant Police Officer Steve Miller observed scratches and a knot on Kalus's head. The police subsequently found the stolen shoes in Yoosuf's vehicle.

In this case, although there were some inconsistencies in the witnesses' testimony, the circuit court was presented with enough evidence to conclude, at the very least, that appellant associated with persons who were engaged in criminal activity. Gary Higgins, with the Department of Community Correction, testified about the terms and conditions of appellant's probation, noting that he had been specifically warned that he was not to associate with people who were engaged in criminal activity, not to be with convicted felons,[3] and not to engage in acts that would constitute a crime. It was undisputed that someone stole a pair of shoes from Erica and Kalus's hotel room. Regardless of whether appellant took the shoes himself, someone in the group of people who accompanied appellant to the hotel stole the shoes, thus providing evidence that appellant was associating with persons who were engaged in criminal activity. In addition, Erica testified that earlier in the day before the motel incident occurred, appellant had been present when she and Kalus were taking drugs. This also provided evidence that appellant associated with persons who were engaged in criminal

---

[2]Xavier later explained that Yoosuf had fired three shots from the car after they left the scene.

[3] Jonathon, Yoosuf, and Xavier all acknowledged that they were convicted felons, although Jonathon and Xavier testified that they did not know whether appellant knew they were felons.

SLIP OPINION

activity. The State need only prove that a defendant violated one probationary term or condition before a circuit court may revoke probation. *McClain, supra.*

Appellant claims that the witnesses were not credible. However, we will defer to the circuit court's determinations regarding the credibility of witnesses and the weight to be given testimony. *Ware v. State*, 2016 Ark. App. 284, at 2, ___ S.W.3d ___, ___. Because the circuit court's decision in this case was not clearly against the preponderance of the evidence, the revocation of appellant's probation is affirmed.

Affirmed.

GRUBER and HOOFMAN, JJ., agree.

*Digby Law Firm*, by: *Bobby R. Digby II*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., and *Houston Garner*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.