

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-15-1007

| | |
|---|---|
| ANDREW KEATON COX<br>APPELLANT | **Opinion Delivered** February 1, 2017 |
| | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CR-13-1377-6] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JOANNA TAYLOR, JUDGE |
| | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Andrew Cox pled guilty to battery in the first degree in August 2014, and he was sentenced to three years' probation. The State filed a petition to revoke appellant's probation on January 9, 2015, alleging that he had violated its conditions by committing domestic battery in the second degree and by failing to pay his court-ordered fees. The revocation hearing took place on August 12, 2015. The court found that appellant had violated the terms of his probation and sentenced him to three years' imprisonment followed by an additional three years' suspended imposition of sentence. Appellant argues on appeal that the trial court erred in allowing non-expert testimony. We affirm.[1]

---

[1]This is the second time this case has been before us. We initially ordered rebriefing due to deficiencies in appellant's brief, abstract, and addendum. *Cox v. State*, 2016 Ark. App. 387.

The State must prove the violation of a probation condition by a preponderance of the evidence.[2] However, the State need only prove a defendant violated one probationary term or condition before a trial court may revoke probation.[3] We will not reverse the trial court's findings unless they are clearly against the preponderance of the evidence.[4] When a trial court bases it decision on alternate, independent grounds, and the appellant challenges only one of those grounds, we will affirm without addressing the merits of either.[5]

Here, the trial court based its decision to revoke appellant's probation on two grounds: committing the new offense of domestic battery and failing to pay court-ordered costs, fines, and fees. However, appellant challenges only the finding that he committed domestic battery by arguing that the trial court erred in allowing the testimony of Sue Stockton. Because appellant failed to challenge all of the trial court's grounds for revocation, we must affirm.

Affirmed.

GRUBER, C.J., and GLADWIN, J., agree.

*Carey E. Lyles Dowdy*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

[2] *Green v. State*, 2015 Ark. App. 291, 461 S.W.3d 731.

[3] *Id.*

[4] *Id.*

[5] *Varner v. State*, 2016 Ark. App. 373.

SLIP OPINION