2017 Ark. App. 682

**Justin Wayne TURNER, Appellant**

v.

**STATE of Arkansas, Appellee**

**No. CR–17–213**

Court of Appeals of Arkansas,
DIVISION IV.

Opinion Delivered: December 13, 2017

Lisa–Marie Norris, for appellant.

Leslie Rutledge, Att'y Gen., by: Brooke Jackson Gasaway, Ass't Att'y Gen., and Sharnea Diggs, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of Darnisa Evans Johnson, Deputy Att'y Gen., for appellee.

BART F. VIRDEN, Judge

Appellant Justin Turner appeals the sentencing order entered by the Crawford County Circuit Court on January 5, 2017, revoking his probation and sentencing him to four years in the Arkansas Department of Correction (ADC). On appeal, Turner argues that there was insufficient evidence to support the circuit court's finding that he committed the new offense of first-degree battery and that he willfully failed to make payments toward restitution. We affirm.

On November 7, 2014, Turner pled guilty to one charge of third-degree domestic battery, second offense, a Class D felony (case number 17CR–14–341). He was sentenced to six years' suspended imposition of sentence in the Community Correction Center. Turner was ordered to pay fines, court costs, booking fees, and monthly administrative fees. On January 5, 2016, the State filed a petition to revoke Turner's suspended imposition of sentence (SIS) due to new charges of third-degree battery, second offense, and second-degree criminal mischief (case number 17CR–16–

6), and due to Turner's failure to pay fines related to case number 17CR–14–341. On May 19, 2016, Turner pled guilty to the new charges. The court sentenced him to six years' SIS conditioned on good behavior, and he was ordered to pay fines, costs, and fees. The State withdrew its petition to revoke Turner's SIS.

On October 20, 2016, the State filed a petition to revoke Turner's SIS regarding both prior cases based on a new charge of first-degree battery and his willful failure to pay fines relating to case number 17CR–16–6. After a hearing, the circuit court revoked Turner's probation in both cases and sentenced him to four years in the ADC. Turner filed a timely notice of appeal.

In his first point on appeal, Turner argues that the State's witness, victim Billy Joe Green, lacked credibility; therefore, the circuit court clearly erred in determining that he committed first-degree battery against Green based solely on Green's testimony. We disagree and affirm.

█ The court may revoke the suspension of sentence or probation at any time before the expiration of the period of suspension of sentence or probation. Ark. Code Ann. § 16–93–308 (Supp. 2017). Our standard of review in cases involving the revocation of probation is well settled. The State must prove the violation of a probation condition by a preponderance of the evidence. *McClain v. State*, 2016 Ark. App. 205, 489 S.W.3d 179; *Green v. State*, 2015 Ark. App. 291, 461 S.W.3d 731. We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation or a suspended sentence. *Id.* Determining whether a preponderance of the evidence exists turns on questions of witness credibility and the weight to be given to the testimony. *Id.* This court defers to the circuit court's determinations regarding the credibility of witnesses and the weight to be given testimony. *Ware v. State*, 2016 Ark. App. 284, at 2, 494 S.W.3d 438, 439.

A person commits battery in the first degree if the person knowingly causes serious physical injury to any person by means of a deadly weapon. Ark. Code Ann. § 5–13–201(a) (Repl. 2013).

█ At the hearing, Green's unrefuted testimony was that on or around September 28, 2016, he was walking behind the alley of Merle's Steakhouse in Alma when he passed by a car with three people in it. Green identified Turner, a friend of his father's, as one of the occupants of the vehicle. Green stated that he heard someone yell at him, and he turned around to confront the occupants of the car. When Green arrived at the car, Turner asked to shake his hand. Green explained that when he refused, the three people in the car exited the vehicle and attacked him. Green stated that Turner stabbed him in the chest, which resulted in a punctured lung and a five-day hospital stay.

Green also testified that he was high on drugs on the night he was attacked, that he believes his dog speaks to him, and that he believes he has been diagnosed with some form of mental illness. From the bench, the circuit court acknowledged that it had considered Green's credibility, that it found convincing evidence that Green had been stabbed by Turner, and that the offense was serious. As we stated above, this court defers to the circuit court's ability to weigh the credibility of the witness, and we take into account that the State must prove its case only by a preponderance of the evidence—more likely than not that the crime occurred. *See McClain, su-*

*pra*; Ark. Code Ann. § 5–13–201(a). We affirm.

The State need only prove that the appellant committed one violation of the conditions in order to revoke appellant's sentence. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151. Because the circuit court did not err in finding that Green's testimony was sufficient to prove that Turner committed first-degree battery, we need not reach Turner's second point on appeal regarding the willful failure to pay fines.

Affirmed.

Gruber, C.J., and Harrison, J., agree.