PHILLIP T. WHITEAKER, Judge
Charles Nelson, Jr., appeals a Clark County Circuit Court order revoking his probation and sentencing him to five years in the Arkansas Department of Correction. Nelson asserts that the trial court committed reversible error by admitting testimony into evidence in violation of the confrontation clause. We agree that the confrontation clause was violated but affirm because the error was harmless.
In August 2016, Nelson pled guilty to one count of second-degree battery, and the court sentenced him to 72 months' supervised probation. In May 2017, the State filed its first petition to revoke Nelson's probation. Nelson admitted having violated the terms and conditions of his probation, and as a consequence of his violation, the trial court ordered Nelson to enter and complete an inpatient substance-abuse treatment program. The State filed a second petition to revoke Nelson's probation in August 2017 alleging that Nelson had failed to complete his inpatient treatment as previously ordered by the court. The court determined that Nelson had violated the terms and conditions of his probation by failing to complete the treatment program and sentenced him to five years' imprisonment in the Arkansas Department of Correction.
For his sole argument on appeal, Nelson argues that he has a statutory and constitutional right to confront the witnesses against him in a probation-revocation proceeding and that the circuit court violated these rights. At the revocation hearing, probation officer Chrissy Hunt testified that Nelson had been ordered by the court to enter and complete an inpatient substance-abuse treatment program. She stated *419 that Nelson had entered the court-ordered inpatient substance-abuse treatment program on July 25, 2017, but that he was discharged from the program approximately two and a half weeks later. She testified that she was notified of his discharge on August 11, 2017, during a telephone call from one of the directors of the treatment program. When the State asked the reason for his discharge from the program, counsel for Nelson objected on hearsay and confrontation-clause grounds. The court overruled the objection, concluding that Rule 1101 of the Arkansas Rules of Evidence governed its admissibility.
Officer Hunt then testified that Nelson had been discharged for threatening other clients at the recovery center and that the other clients were in fear for their lives. Defense counsel again objected, claiming Nelson's right to confront and cross-examine the person making those allegations had been violated. The court indicated that it understood the objection and agreed but overruled the objection, stating it would give it as much weight as it was due.
Nelson testified on his own behalf. He acknowledged that he was required to enter inpatient treatment as a condition of probation and testified that he had done so. He explained that he had been discharged from the program in retaliation for blowing the whistle on the improper actions of his supervisors. He denied threatening them in any way. He maintained that he was cooperating with his probation officer by remaining in daily contact and searching for another treatment program.
Officer Hunt then offered testimony in rebuttal. She again testified that she had learned of his discharge when she received a call from one of the directors of the facility who informed her that Nelson was going to be discharged based on his threatening behavior while he was in the program. This prompted defense counsel to renew his confrontation-clause objection, which was again overruled.
Nelson argues that the court erred by allowing Hunt to testify, using hearsay evidence, about the reason he had been discharged from the treatment program. He claims that the identity of his accuser was never disclosed nor was there any evidence presented from which to determine the accuser's knowledge or reliability. He asserts that the court allowed the evidence under Rule 110, but made no finding, either specifically or generally, that good cause existed for not allowing the confrontation as required by Arkansas Code Annotated section 16-93-307(c)(1) (Supp. 2015).
We agree. Generally, a defendant in a revocation hearing is not entitled to the full panoply of rights that attend a criminal prosecution, but he or she is entitled to due process. Goforth v. State , 27 Ark. App. 150, 767 S.W.2d 537 (1989). As we recognized in Goforth , the United States Supreme Court has held that a defendant is entitled to the right to confront and cross-examine adverse witnesses unless good cause is shown for not allowing confrontation. Id. at 152, 767 S.W.2d at 538 (citing Gagnon v. Scarpelli , 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) ). This holding is codified at Arkansas Code Annotated section 16-93-307(c)(1), which states that "[t]he defendant has the right to counsel and to confront and cross-examine an adverse witness unless the court specifically finds good cause for not allowing confrontation[.]"
Clearly, Nelson had a right to confront and cross-examine his adverse witnesses unless good cause existed for not allowing confrontation. In making that determination, the trial court must balance *420 the defendant's right to confront witnesses against the grounds asserted by the State for not requiring confrontation. Goforth , supra (citing United States v. Bell , 785 F.2d 640 (8th Cir. 1986) ). In balancing these interests, the trial court should assess the explanation the State offers for why confrontation is undesirable or impractical. Id. Then, the trial court should consider the reliability of the evidence that the government offers in place of live testimony. Id.
Nelson asserts that the State offered no explanation for why the director of the facility was not available to be confronted, and the court did not make a good-cause finding for not allowing confrontation; rather, it simply overruled Nelson's confrontation-clause objections without explanation. He is correct, and we conclude that the confrontation clause was violated.
However, trial error involving the Sixth Amendment right to confront adverse witnesses is subject to a harmless-error analysis. Green v. State , 2015 Ark. App. 291, 461 S.W.3d 731. We conduct this analysis utilizing a variety of factors identified by our supreme court. These factors include the importance of the witness's testimony in the State's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and the overall strength of the State's case. Id. at 5, 461 S.W.3d at 734 (citing Delaware v. Van Arsdall , 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) ; Andrews v. State , 344 Ark. 606, 42 S.W.3d 484 (2001) ).
We begin our analysis with consideration of the court's comments prior to rendering its decision. At the close of the hearing, the court explained:
I think what everybody agrees on here is that Mr. Nelson didn't finish the program.... What we didn't hear from is-is from anybody from [the treatment facility] as to tell us why he left. Mr. Nelson took the stand to say that he was asked to leave. Well, I can only take that to mean asked to leave for some reason-good, bad, or indifferent. He was still asked to leave. I'd love an explanation as to-as to why Mr. Nelson was asked to leave from somebody at [the treatment facility], but since nobody from [the treatment facility] testified, I-all I can do is say you failed to-you failed to complete the program.... I didn't hear anything except you didn't finish the program.... I found it hard to believe in your testimony that you were at [the treatment facility] for 17 days and-and to hear you-your testimony, you were effectively running the place and having to tell on other staff. I just-I find your testimony just extraordinary, and not in a good way, Mr. Nelson. I-it really kind of boggled the mind.
It is unclear from its oral ruling whether the court actually gave any consideration to the challenged evidence. What is clear, however, is that the court found Nelson and his explanation concerning his discharge to be not credible. This court defers to the trial court's determinations regarding the credibility of witnesses and the weight to be given to their testimony. Ware v. State , 2016 Ark. App. 284, 494 S.W.3d 438.
Next, we must consider whether there was sufficient evidence to support revocation even without the improperly admitted evidence. In Green , our court affirmed the trial court's revocation decision despite its error in permitting an out-of-court statement in violation of the defendant's right to confront witnesses. We held that the *421 error was harmless because there was other evidence that supported the revocation, rendering the out-of-court statement unnecessary. Green , 2015 Ark. App. 291, at 5, 461 S.W.3d at 734 ; see also Roston v. State , 362 Ark. 408, 208 S.W.3d 759 (2005) (holding that the trial court's violation of the confrontation clause was harmless error because other evidence supported the trial court's revocation decision). Thus, our analysis turns to whether the trial court could have revoked Nelson's probation on the facts of this case if the hearsay evidence from the treatment center regarding the reasons for Nelson's discharge is completely ignored.
In the present case, the State properly introduced evidence that Nelson had violated the terms of his probation by failing to complete the treatment program. Nelson admitted that he had been discharged from the program in violation of the terms and conditions of his probation but testified that his discharge was in retaliation for exposing problems at the treatment facility and was thus excusable. The court found Nelson's excuse for his violation was not credible. Therefore, the trial court's error in admitting hearsay evidence regarding Nelson's discharge from the treatment facility through the testimony of the probation officer, though in violation of the confrontation clause, was harmless error. Therefore, we affirm.
Affirmed.
Gladwin and Glover, JJ., agree.