Cite as 2022 Ark. App. 56

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–21–330

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** February 9, 2022 |
| TOBY LEE HOWE | | APPEAL FROM THE BENTON |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NOS. 04CR-17-1855, 04CR-17-2380, |
| V. | | 04CR-17-2116, 04CR-17-2117] |
| | | |
| STATE OF ARKANSAS | | HONORABLE BRAD KARREN, |
| | APPELLEE | JUDGE |
| | | |
| | | REVERSED AND DISMISSED |

## BRANDON J. HARRISON, Chief Judge

The Benton County Circuit Court revoked Toby Lee Howe's probation and sentenced him to six years' imprisonment. On appeal, Howe argues that the State failed to prove that he had violated the conditions of his probation. We agree. The circuit court's revocation is therefore reversed, and the case is dismissed.

In January 2020, Howe was placed on probation after pleading guilty to two counts of first-degree terroristic threatening and two counts of violating a protection order and pleading guilty to previously violating his probation. In April 2020, the State petitioned to revoke Howe's probation, alleging that he had committed several new offenses, failed to complete a domestic-violence treatment program as ordered, failed to pay his Benton County fines and fees, and failed to pay his supervision fees. The State filed an amended petition in May 2020 that alleged fewer new violations but still alleged failure to complete

a domestic-violence treatment program and failure to pay fines and fees.

The circuit court convened a revocation hearing on 22 October 2020. Prior to any testimony, the State announced it would introduce evidence only on the allegations of failure to pay fines and fees and failure to complete domestic-violence treatment. Chris Eglin, Howe's probation officer, testified to the following. When the amended revocation petition was filed, Howe's supervision fees had been "paid ahead," and Howe was current on his payment of supervision fees. As to the domestic-violence treatment, Howe had not completed the treatment when the revocation petition was filed but had enrolled in the treatment as of October 19, three days before the hearing, and was scheduled to begin classes on November 4. Howe had previously started treatment, but medical issues had prevented him from completing treatment. Finally, Howe had paid $270 toward his Benton County fines and fees in April 2020, paid $50 in October 2020, and was current on those fines and fees as of October 12. The State also introduced Howe's payment ledger with the Benton County Circuit Clerk; the ledger showed that Howe had made a $275 payment in April 2020 and that he had a zero balance on his Benton County fees.

The State rested and moved to dismiss the allegation regarding supervision fees. The defense presented no evidence, and the court pronounced that the State had proved by a preponderance of the evidence that the revocation petition was true. The court found that Howe had failed to comply with the required domestic-violence treatment and failed to make consistent payments on his payment ledger.

During the sentencing phase, Howe testified that he had several hand surgeries, which prevented him from completing the domestic-violence treatment the first time he

had enrolled. COVID-19 had also caused a delay in beginning treatment again. On his Benton County fines and fees, he thought he had "paid ahead" by paying a lump sum in April 2020. He explained that he had attempted to make a payment earlier that day, stating, "I thought I was one month behind, [and] they told me that you can't pay ahead, and I didn't know that. . . . So they had me catching up and they said, 'From here on out, you just have to pay the $55 a month.'" He explained that he no longer has any medical issues that would prevent his domestic-violence treatment and that he planned to make future payments each month as instructed.

The court found that Howe had willfully failed to comply with the conditions of his probation and sentenced him to an aggregate term of six years' imprisonment and six years' suspended imposition of sentence (to run concurrently). Howe appealed.

A circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490; Ark. Code Ann. § 16-93-308(d) (Supp. 2021). If the alleged violation involves the failure to pay court-ordered fines and costs, the court may revoke the suspended sentence if it finds the defendant has failed to make a good-faith effort to pay the obligation. *Thompson v. State*, 2009 Ark. App. 620. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence that is insufficient for a conviction may be sufficient for a revocation. *Vangilder v. State*, 2018 Ark. App. 385, 555 S.W.3d 413. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless

its findings are clearly against the preponderance of the evidence. *McClain v. State*, 2016 Ark. App. 205, 489 S.W.3d 179.

Here, Howe argues that both bases relied on by the circuit court to revoke his probation are unsupported by the evidence. The first ground cited by the circuit court is that Howe had failed to make "consistent payments on his payment ledger." Howe asserts that the revocation petition alleged only nonpayment and made no mention of "consistency." And Eglin testified that Howe was current on his Benton County fines and fees. It appears the circuit court's ruling may have been in reference to Howe's payment of a lump sum in April 2020, essentially making five months' worth of payments at one time. But, Howe argues, there was no written requirement that he make payments at a specified interval. And once he was informed that he needed to make payments every month, he agreed to do so going forward. So Howe contends that the State not only failed to prove nonpayment but also failed to prove that any "inconsistency" in payment was willful.

The second basis cited by the circuit court was failure to comply with "the domestics [sic] violence classes." Howe's plea agreement and the sentencing order required him to "complete the DAIU program or an equivalent domestic abuse course as approved by his probation officer." There was no requirement that he complete the program by a specific deadline. The revocation petition and amended petition alleged that "on or about 02/19/2020, Howe failed to complete his Domestic Violence Treatment program as directed by the court and was discharged prior to completion due to non-attendance." However, Eglin's testimony clarified that Howe did not complete his first enrollment in domestic-violence treatment due to medical issues, and Howe testified that his former

4

probation officer had agreed that he should drop the class and reenroll later. Eglin also testified that Howe had reenrolled in treatment and would start classes soon. There was no evidence that he had acted without the approval of his probation officer.

The State first concedes that the circuit court erred by revoking Howe's probation for failure to complete the domestic-violence treatment. There was no deadline for completing the treatment, so Howe had until the end of his probation to complete it. Second, the State argues that the circuit court did not err in revoking based on Howe's failure to pay fines and fees as required by the terms of his probation. Essentially, the State says that Howe failed to make his required monthly payments in May, June, July, August, and September 2020.

The circuit court based its ruling on Howe's willful failure to make "consistent" payments, which is different than the nonpayment alleged in the revocation petition. The uncontroverted testimony at the hearing was that Howe was current on his fines and fees. Even if the lump-sum payment—as opposed to monthly payments—could be construed as nonpayment, the evidence would not support a finding that Howe had failed to make a good-faith effort to make his payments. *Thompson*, *supra*. Consequently, we hold that the circuit court clearly erred in finding that Howe had violated the conditions of his probation as alleged by the State. We therefore reverse the revocation and dismiss the case.

Reversed and dismissed.

KLAPPENBACH and HIXSON, JJ., agree.

*Ben Motal*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.