Cite as 2022 Ark. App. 504

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-22-165

| | |
|---|---|
| RAYFORD PRYOR, JR.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered December 14, 2022<br><br>APPEAL FROM THE CROSS COUNTY CIRCUIT COURT [NO. 19CR-19-169]<br><br>HONORABLE CHRISTOPHER W. MORLEDGE, JUDGE<br><br>REVERSED |

**RAYMOND R. ABRAMSON, Judge**

The Cross County Circuit Court revoked the probation of Rayford Pryor, Jr., and sentenced him to six years' imprisonment. On appeal, Pryor argues that the State failed to prove that he had violated the conditions of his probation. We agree and reverse.

In May 2019, Pryor was placed on probation after pleading guilty to tampering with physical evidence, a Class D felony. On November 4 , 2019, the State petitioned to revoke Pryor's probation, alleging nonpayment of fines, fees, and court costs; additional felony charges acquired on September 13, 2019; and that he is engaging in or has engaged in behavior that poses a threat to the community.

The circuit court held a revocation hearing on June 30, 2021.[1] The only two witnesses at the hearing were Officer Eric Moore of the Cross County Sheriff's Department and Sergeant Steven Hallmark of the Wynne Police Department. Officer Moore testified to an incident that occurred at the home of Veronica Crumely on September 13, 2019. Officer Moore testified that he found methamphetamine and drug paraphernalia in or near a shed in the back of Crumely's home where Pryor and others were located. Officer Moore did not testify that Pryor had acquired additional felony charges or that Pryor was engaged in behavior that poses a threat to the community.

Sergeant Hallmark testified that Pryor told him where the methamphetamine and drug paraphernalia were located in the shed. On cross-examination, Sergeant Hallmark testified that Pryor never admitted having the items in his possession and that he could not state that the items belonged to Pryor. Sergeant Hallmark testified that he did not arrest anyone that day. After hearing the testimony from the two law enforcement officers, the court found that the allegations in the petition had been proved and sentenced Pryor to six years' imprisonment. This appeal followed, and Pryor challenges the sufficiency of the evidence supporting the revocation of his probation.

A circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant

---

[1]The State filed an amended petition for revocation the day before this hearing, but the circuit court ruled that it would only consider the 2019 petition at the hearing, and the State would be limited to the allegations filed in that petition.

has inexcusably failed to comply with a condition of the probation. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490; Ark. Code Ann. § 16-93-308(d) (Supp. 2021). The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence that is insufficient for a conviction may be sufficient for a revocation. *Vangilder v. State*, 2018 Ark. App. 385, 555 S.W.3d 413. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless its findings are clearly against the preponderance of the evidence. *McClain v. State*, 2016 Ark. App. 205, 489 S.W.3d 179. On appeal, Pryor argues that the bases relied on by the circuit court to revoke his probation are unsupported by the evidence.

The State first alleged in its petition to revoke that Pryor had violated the terms of his probation by nonpayment of fines. In its appellate brief, the State concedes that no evidence was presented on this claim. Therefore, the revocation of Pryor's probation on the basis of his failure to pay fines, fees, and court costs, was not proved by a preponderance of the evidence and cannot stand as a basis for Pryor's revocation.

In its petition for revocation, the State also alleged that Pryor had violated the terms of his probation by "[a]dditional [f]elony charges acquired on September 13, 2019." Pryor argues that the State failed to present evidence on this basis. We agree.

The two witnesses at the hearing, Officer Moore and Sergeant Hallmark, both testified about their interaction with Pryor on September 13, 2019, but neither testified that Pryor was arrested or that he acquired additional felony charges. On cross-examination, Sergeant Hallmark testified that Pryor never admitted the contraband items belonged to

him. Further, Sergeant Hallmark testified that he could not say that the items found belonged to Pryor. There was no testimony presented or introduced that any additional felony charges were filed against Pryor as a result of his conduct on September 13, 2019. Given the record before us, we hold that the circuit court's finding of a violation on this basis was clearly against the preponderance of the evidence.

The State's final basis for revocation was that Pryor "is engaging in or has engaged in behavior that poses a threat to the community." The two witnesses at the probation-revocation hearing testified about incidents involving the location and existence of possible methamphetamine and possible drug paraphernalia; however, there was no testimony or reference to prove any threat to the community. Because there was a lack of evidence that Pryor's behavior poses a threat to the community, we conclude that the circuit court's finding of a violation based on this alleged threat was clearly against the preponderance of the evidence.

Consequently, we hold that the circuit court clearly erred in finding that Pryor had violated the conditions of his probation as alleged by the State. We therefore reverse the revocation of Pryor's probation and the resulting sentence.

Reversed.

GLADWIN and MURPHY, JJ., agree.

*Jerry D. Roberts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

4