Cite as 2025 Ark. App. 305

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CR-24-509

| | | |
|---|---|---|
| DANIEL GOODMAN | | Opinion Delivered May 14, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| V. | | [NOS. 72CR-21-2572; 72CR-22-1732] |
| STATE OF ARKANSAS | | HONORABLE JOANNA TAYLOR, |
| | APPELLEE | JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**WENDY SCHOLTENS WOOD, Judge**

Daniel Goodman appeals the Washington County Circuit Court's sentencing order revoking his probation and sentencing him to ten years' imprisonment. Goodman's attorney seeks to be relieved as appellate counsel and has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b)(1) (2024). Goodman was notified of his right to file pro se points for reversal, but he has not done so. We affirm and grant counsel's motion to withdraw.

In December 2022, Goodman entered a plea of guilty in case No. 72CR-21-2572 to possession of methamphetamine, a Class D felony; possession of drug paraphernalia, a Class D felony; and failure to appear, a Class C felony. He also pled guilty in case No. 72CR-22-1732 to first-degree criminal mischief, a Class C felony. He was sentenced to concurrent

sentences of seventy-two months' probation on all charges. On February 2, 2023, the State petitioned to revoke Goodman's probation, alleging that he was in violation of the terms of his probation in both cases for failing to report. On May 8, 2024, the State filed an amended petition alleging that Goodman was in violation of the terms of his probation in both cases for failing to report to intake, failing to report or make himself available for supervision, committing the offense of possession of firearms by certain persons, possessing firearms and/or ammunition, associating with convicted felons, and failing to comply with court-ordered financial obligations.

After a hearing, the circuit court revoked Goodman's probation in an order entered on May 10, 2024, for violation of the conditions of his probation: specifically, for failing to report and for failing to report to intake. The court sentenced him to 120 months' imprisonment for the failure-to-appear and criminal-mischief convictions and to 72 months' imprisonment for the possession-of-methamphetamine and possession-of-drug-paraphernalia convictions. A no-merit brief and a motion to withdraw filed by Goodman's counsel followed.

In a no-merit brief, counsel is required to list each ruling adverse to the defendant and explain why it does not present a meritorious ground for reversal. *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). After a full examination of the proceedings, we are required to determine whether an appeal would be wholly frivolous. *Tennant v. State*, 2014 Ark. App. 403, at 2, 439 S.W.3d 61, 63. Counsel addressed the following adverse rulings, arguing that they do not present a meritorious basis for appeal.

The first adverse ruling identified by counsel is the revocation itself. To revoke probation, the State must prove by a preponderance of the evidence that the defendant violated a condition of his or her probation. *Green v. State*, 2010 Ark. App. 174, at 4. The State need only prove one violation. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154. Here, Sandra Evans, community supervision officer with the Arkansas Division of Correction, testified that she was assigned to supervise Goodman on December 13, 2022, when he was released from custody and ordered to report to probation. She said that he did not report at that time and had never reported. She said that she filed an absconding violation on January 3, 2023, which was sent to the prosecutor's office. Finally, she testified that Goodman was arrested and taken into custody on August 26, 2023, and that he had never reported to intake or for a scheduled visit when taken into custody. Goodman did not cross-examine Evans, testify, or offer any excuses for his failure to report. We hold that there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation.

The next adverse ruling that counsel addresses is the court's denial of Goodman's request during closing arguments for a suspended sentence. Counsel states that there is no merit to an appeal of this adverse ruling because the court did not want to reward Goodman with a suspended sentence after he failed to take advantage of the benefits of probation in December 2022, and the sentence imposed by the court is within the statutory guidelines.

In a revocation proceeding, the circuit court has discretion in the sentence imposed and is authorized to impose any sentence that it could have imposed originally. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2023). Here, Goodman was sentenced within the statutory

3

guidelines. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2024) (sentence between three and ten years for a Class C felony); Ark. Code Ann. § 5-4-401(a)(5) (sentence shall not exceed six years for a Class D felony). Accordingly, this issue presents no nonfrivolous basis for an appeal.

Finally, Goodman's counsel addresses several evidentiary objections. A circuit court enjoys broad discretion in ruling on evidentiary objections. *Goldsmith v. State*, 2023 Ark. App. 77, at 4, 660 S.W.3d 858, 861. Moreover, we do not reverse a circuit court's evidentiary errors absent a showing of prejudice. *Lawson v. State*, 2024 Ark. 143, at 4, 697 S.W.3d 529, 532 (affirming when error was harmless).

First, Goodman objected to Evans's testimony that she was aware that Goodman was arrested in August 2023. Goodman argued that it was hearsay and that the question violated his rights under the Confrontation Clause. The court allowed the testimony, and Evans testified that someone contacted her on August 26 to inform her that Goodman was going to be arrested on August 27.

Although a defendant in a revocation hearing is not entitled to the full panoply of rights that attends a criminal prosecution, he is entitled to due process. *Goforth v. State*, 27 Ark. App. 150, 152, 767 S.W.2d 537, 538 (1989). Arkansas Code Annotated section 16-93-307(c)(1), (2) (Repl. 2016) provides that a defendant in a revocation case has the right to confront and cross-examine an adverse witness unless the court specifically finds good cause for not allowing confrontation. Here, however, we need not determine whether a Confrontation Clause violation occurred because any error in its admission was harmless. It

is well settled that trial error involving the Sixth Amendment right to confront adverse witnesses is subject to a harmless-error analysis. *Green v. State*, 2015 Ark. App. 291, at 5, 461 S.W.3d 731, 734. Whether a Confrontation Clause violation is harmless error depends on a variety of factors, including the importance of the witness's testimony in the State's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and the overall strength of the State's case. *Id.*, 461 S.W.3d at 734 (citing *Delaware v. Van Arsdall*, 475 U.S. 673 (1986); *Andrews v. State*, 344 Ark. 606, 42 S.W.3d 484 (2001)). In *Green*, this court affirmed the circuit court's revocation decision despite its error in permitting an out-of-court statement in violation of the defendant's right to confront witnesses, holding that the error was harmless because there was other evidence that supported the revocation, rendering the out-of-court statement unnecessary. *Id.* at 5, 461 S.W.3d at 734.

The same is true here because evidence regarding Goodman's arrest in August 2023 was not necessary to prove the State's case for revocation. The court revoked Goodman's probation for failure to report, which had nothing to do with Goodman's subsequent arrest. As a result, the admission of the out-of-court statement, even if erroneous, was harmless error. *Perkins v. State*, 2024 Ark. App. 169, at 10, 686 S.W.3d 569, 575. Therefore, we hold that there is no merit to an appeal of this adverse ruling.

Counsel also identifies and addresses several adverse rulings on Goodman's objections to hearsay during the testimony of Corporal Donald Winningham, who

investigated a new offense by Goodman. We hold that there is no merit to an appeal of these adverse rulings. The Arkansas Rules of Evidence do not apply in revocation proceedings. *Humphrey v. State*, 2015 Ark. App. 179, at 6, 458 S.W.3d 265, 269. Further, any error in the admission of this evidence was harmless because the testimony involved an investigation into a new crime, and the court did not revoke Goodman's probation on this basis but on the basis of his failure to report.

From our review of the record and the brief presented to us, we find counsel has complied with Rule 4-3(b) and hold that the appeal is without merit. Accordingly, we grant counsel's motion to withdraw and affirm the order of revocation.

Affirmed; motion to withdraw granted.

GLADWIN and THYER, JJ., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

One brief only.