Sammy Thomas BOREN *v.* Pamela M. BOREN

93-1123                                         885 S.W.2d 852

Supreme Court of Arkansas
Opinion delivered October 24, 1994

*The Roberts Law Firm*, by: *Robert L. Thacker*, for appellant.

*Joe Kelly*, for appellee.

STEELE HAYS, Justice. This case was certified to us by the Court of Appeals because it involves a question of significant public interest — whether a municipal or circuit court has concurrent jurisdiction with chancery court to enforce an agreement for child support. We hold that chancery has exclusive jurisdiction of all cases involving matters of child support.

Pamela Boren, appellee, and Sammy Boren, appellant, were divorced on December 9, 1977, by decree of the Chancery Court of Lonoke County. Pursuant to the decree, Mrs. Boren was awarded custody of the minor child and Mr. Boren was required to pay child support and medical insurance for the child.

The decree was modified in February 1992 by increasing the amount of child support payments and requiring the parties to share equally the cost of health care services not covered by insurance. A dispute subsequently arose as to the payment of child support, and of Mrs. Boren's reimbursement for Mr. Boren's share of medical expenses incurred but not covered by insurance.

On October 7, 1992, Mrs. Boren filed suit in small claims court of Carlisle Municipal Court, seeking judgment against Mr. Boren for child support delinquencies and medical reimbursements. Mr. Boren responded, denying liability and challenging the municipal court's jurisdiction of the matter, arguing that chancery court had exclusive jurisdiction of matters relating to child support.

A trial was held and judgment was entered against Mr. Boren in the amount of $202.30. A post-trial motion to vacate the judgment was denied. An appeal was taken to the Circuit Court of Lonoke County solely on the issue of the municipal court's jurisdiction. The circuit court found the municipal court had properly accepted jurisdiction of the matter. Mr. Boren appeals from that order, challenging the jurisdiction of the municipal court.

Appellant argues that chancery has exclusive jurisdiction over questions of child support that arise after the final divorce decree because the court retains continuing jurisdiction

of divorce and matters relating to it. He cites case law and Ark. Code Ann. § 9-12-302 (1987) which provides that an "action for alimony or divorce shall be by equitable proceedings." However, we believe the dispositive statute is Ark. Code Ann. § 9-14-105(a) (1987):

> The chancery courts in the several counties in this state *shall have exclusive jurisdiction in all civil cases and matters relating to the support of a minor child* or support owed to a person eighteen or older which accrued during that person's minority. [Our emphasis.]

Ark. Code Ann. § 16-13-201(a) (1987) provides that circuit courts shall have original jurisdiction of all actions for the enforcement of civil rights or redress of civil wrongs, *except when exclusive jurisdiction is given to other courts*. Under §§ 9-14-105(a) and 16-13-201(a), chancery has been given exclusive jurisdiction in *"all civil cases and matters relating to the support of a minor child,"* [our emphasis] and we find the enforcement of a child support order is clearly a matter related to support of a minor child.

Reversed and dismissed.