Elizabeth GRANQUIST *v.* Scott John RANDOLPH

96-854                                                    934 S.W.2d 224

Supreme Court of Arkansas
Opinion delivered December 9, 1996

*Sanford & Stiritz*, by: *Jon R. Sanford*, for appellant.

*William Douglass Skelton*, for appellee.

DONALD L. CORBIN, Justice. Appellant Elizabeth Granquist appeals the order of the Pope County Circuit Court setting aside a default judgment previously entered on Appellant's complaint for breach of a separation agreement between her and Appellee Scott John Randolph. For reversal, Appellant contends the order denies her the right to a jury trial on her claim for breach of contract. The court of appeals certified this case to us as one involving the construction of the Arkansas Constitution. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1), (d)(1). We find no merit to Appellant's argument on the record presented and affirm.

Appellant filed a complaint in circuit court on August 19, 1994, alleging that Appellee had breached a written agreement to pay her $200.00 per month child support for their minor child, Brandon Dane Randolph, until the child reached age twenty-one. The agreement, which is captioned "SEPARATION AGREE-MENT" and dated November 16, 1983, was attached to the com-

plaint as an exhibit. According to the complaint, Appellant was granted judgment against Appellee for all sums due under the Separation Agreement through December 19, 1988, but Appellee had failed to keep the Separation Agreement since then and now owes $13,680.00 in child-support arrearages. On March 7, 1995, the circuit court entered a default judgment for Appellant in the amount of $13,680.00 with prejudgment and postjudgment interest plus costs and attorney's fees.

Appellee's wages were garnished pursuant to a writ of garnishment. Appellee moved for the circuit court to set aside the default judgment on the ground that the circuit court lacked subject-matter jurisdiction of child-support matters. Appellant responded to the motion with a contention that the circuit court had jurisdiction of her claim for child support because Appellee's obligation arose independently from a contract. The circuit court conducted a hearing on Appellee's motion to set aside the default judgment and ruled from the bench that the motion would be denied.

Appellee then filed a motion to reconsider his motion to set aside the default judgment. By letter ruling, the circuit court found that although a claim for breach of contract was traditionally a matter of circuit-court jurisdiction, it did not have jurisdiction of this case pursuant to Ark. Code Ann. § 9-14-105(a) (Repl. 1993) and *Boren v. Boren*, 318 Ark. 378, 885 S.W.2d 852 (1994).

Appellant then filed a motion for the circuit court to reconsider its decision and alleged a violation of her right to a jury trial under both state and federal constitutions. The trial court entered an order denying Appellant's motion to reconsider. Finally, the circuit court entered an order setting aside the default judgment, and this appeal followed.

On appeal, Appellant contends the trial court's setting aside of the default judgment deprives her of a right to jury trial as provided in Article 3, Section 2, of the United States Constitution and Article 2, Section 7, of the Arkansas Constitution. We presume that it is the Seventh Amendment that Appellant intended to rely on as the source of her federal right to a jury trial since the provision cited by Appellant, Article 3, Section 2, deals with criminal trials. Appellant argues that these constitutional rights "clearly take precedence over and should be found to overrule legislation and state case law inconsistent therewith." Appellant contends that section 9-

14-105(a) and *Boren* are unconstitutional as applied in her case. We do not agree.

In concluding that it did not have subject-matter jurisdiction of this case, the circuit court relied on section 9-14-105(a), which provides that "[t]he chancery courts in the several counties in this state shall have exclusive jurisdiction in all civil cases and matters relating to the support of a minor child or support owed to a person eighteen (18) or older which accrued during that person's minority." The circuit court also relied on *Boren*, 318 Ark. 378, 379, 885 S.W.2d 852, 852, wherein this court held that "chancery has exclusive jurisdiction of all cases involving matters of child support." In *Boren*, this court recognized that under section 9-14-105 and Ark. Code Ann. § 16-13-201(a) (1987) chancery courts had been given exclusive jurisdiction of all " '*matters relating to the support of a minor child*' " and found that enforcement of a child-support order was clearly a matter "related to the support of a minor child." *Id.* at 380, 885 S.W.2d at 853. Thus, this court held in *Boren* that municipal courts and circuit courts do not have concurrent jurisdiction of child-support matters.

Appellant attempts to distinguish *Boren* from this case on the facts by pointing out that *Boren* involved the enforcement of a divorce decree that awarded child support and had been entered of record by a chancery court. Appellant relies heavily on the fact that she is seeking to enforce a contract rather than a divorce decree or a settlement agreement that has been incorporated into a divorce decree. Regardless of whether it is incorporated into a divorce decree or whether it is a contract independent of a divorce decree, the Separation Agreement Appellant seeks to enforce still involves matters "relating to the support of a minor child" as those terms are used in section 9-14-105(a). *See Strasner v. Strasner*, 232 Ark. 478, 482, 338 S.W.2d 679, 681 (1960) (concluding that "enforcement of a contract for alimony is an action *for* alimony, as distinguished from an action on debt, although the debt, as such, is recognized as subsisting by reason of agreement between the parties.") (quoting *McCue v. McCue*, 210 Ark. 826, 197 S.W.2d 938 (1946)). Therefore, according to that statute, jurisdiction of the enforcement of the Separation Agreement lies exclusively in chancery court, and according to section 16-13-201(a), the circuit court does not have concurrent jurisdiction of such matters. To hold otherwise, as Appellant suggests, would be to place form over substance.

■■ We find no merit to Appellant's argument that she has been denied a constitutional right to a jury trial. Both Article 2, Section 7 of the Arkansas Constitution and the Seventh Amendment to the United States Constitution establish a right to trial by jury only in those cases that were so triable at common law. *Colclasure* v. *Kansas City Life Ins. Co.*, 290 Ark. 585, 720 S.W.2d 916 (1986), *cert. denied*, 481 U.S. 1069 (1987) (citing *Curtis* v. *Loether*, 415 U.S. 189 (1974)). Appellant does not cite any authority or make any convincing argument that she would have had a right to try this case to a jury at common law, and it is not apparent to us without further research that her argument is well taken. Under such circumstances, we affirm. *Firstbank of Arkansas* v. *Keeling*, 312 Ark. 441, 850 S.W.2d 310 (1993). We will not do Appellant's research for her. *Id.* Moreover, Appellant offers no authority, explanation, or convincing argument for the validity of her contract given that parents and guardians cannot contract for the support of their minor children without express approval of a chancery court, *Davis* v. *Office of Child Support Enforcement*, 322 Ark. 352, 908 S.W.2d 649 (1995), and that chancery courts exercise jealous and watchful care over minors by always retaining jurisdiction over child-support matters as a matter of public policy. *Nooner* v. *Nooner*, 278 Ark. 360, 645 S.W.2d 671 (1983); *Collie* v. *Collie*, 242 Ark. 297, 413 S.W.2d 42 (1967).

■ The circuit court did not have subject-matter jurisdiction of this case. Thus, we affirm the order setting aside the default judgment.