CITY of GREENBRIER, Arkansas; Melton Cotton, Mayor; and Mark Hardin, Mary Ann Freeman, David Osborne, L.D. "Dean" Strickland, Curtis Bradley, David Browning, in Their Official Capacity as Members of the City Council, *v.* Larry ROBERTS, and LJR Building, Inc.

03-137                                                127 S.W.3d 454

Supreme Court of Arkansas
Opinion delivered October 30, 2003

*William J. Velek,* for appellants.

*Jesse W. Thompson,* for appellees.

ANNABELLE CLINTON IMBER, Justice. The City of Green-brier ("the City") appeals from a circuit court order enjoining the City's enforcement of subdivision regulations against a particular subdivision located outside the City's corporate limits, but within its territorial jurisdiction. The order also awarded attorney's fees to the subdivision's owner. In its brief on appeal, the City fails to put forth any convincing argument or citation to authority. Because it is not apparent without further research that the City's arguments are well-taken, we affirm.

In 1995, the City adopted Ordinance No. 06-95, which established subdivision regulations. Subsequently, on June 2, 1997, the City adopted Ordinance No. 08-97. This ordinance, authorized by the provisions of Ark. Code Ann. § 14-56-413 (Repl. 1998), designated new boundary lines for the City's exercise of territorial jurisdiction over city planning and subdivision development matters. Pursuant to Amendment 7 to the Arkansas Constitution, Ordinance No. 08-97 contained an emergency clause declaring that it would take effect immediately, that is, on June 2, 1997. On that date, two subdivisions affected by the extended boundary lines, Greystone and KC's Kove, were being developed but had not yet filed plats with the Faulkner County Circuit Clerk and Ex-Officio Recorder.

Randy Garrett, the owner of KC's Kove, filed the plat for KC's Kove with the circuit clerk on June 3, 1997.[1] Likewise, Greystone's owners, Hal Crafton and Bill Tyler,[2] filed the Greystone plat with the circuit clerk on June 5, 1997. Subsequently, on June 25, 1997, Ordinance 08-97 was filed with the circuit clerk.

Thereafter, the Greystone and KC's Kove subdivisions continued to be developed. Neither subdivision, however, brought its roads up to the City's specifications as set forth in the subdivision regulations adopted in 1995, Ordinance No. 06-95. Nonetheless, the City did not attempt to enforce its own subdivision regulations. Then, on May 6, 1999, Larry Roberts, filed a plat for a subdivision named Wooded Acres. Mr. Roberts had sold a lot to a third party who built a house on the lot and then sold it again. The

---

[1] Randy Garrett was a member of the Greenbrier Planning Commission.

[2] When the instant case was filed, Hal Crafton and Carlton Burnett owned Greystone.

house was complete except that it lacked a water meter. When Mr. Roberts attempted to get city water service, the City refused to install a water meter because the subdivision had not been approved by the City's planning commission. As a result, he went before the planning commission and learned that the roadbed in Wooded Acres was not wide enough; that is, the roadbed did not meet the City's subdivision regulations. Eventually, Mr. Roberts agreed to bring the roads into compliance with the City's requirements.

In the meantime, however, Mr. Roberts found out that the roads in the Greystone and KC's Kove subdivisions were also out of compliance with the City's established regulations. He appeared before the Greenbrier City Council and asked for an exemption from the road-size regulations. The City Council refused to grant his request, whereupon Mr. Roberts promptly filed suit alleging that the City applied its subdivision regulations in an arbitrary and capricious manner and in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In his request for relief, Mr. Roberts asked the circuit court to enjoin the City from enforcing its subdivision regulations against the Wooded Acres subdivision.

The circuit court conducted a hearing on the matter and ruled that the City had indeed enforced its ordinance in an arbitrary and capricious manner. The circuit court enjoined the enforcement of the City's subdivision regulations against the Wooded Acres subdivision. In addition, the court ordered the City to pay attorney's fees in the amount of $4,368.75.

On appeal, the City proposes five points for reversal that in essence comprise three assignments of error: (1) the trial court erred in holding that Ordinance No. 08-97 was enforceable against the two subdivisions, Greystone and KC's Kove, whose plats were recorded after the ordinance was adopted but before it was recorded with the circuit clerk pursuant to Ark. Code Ann. § 14-56-313(b)(2) (Repl. 1998); (2) the trial court erred in concluding that the City acted arbitrarily and capriciously in seeking to enforce its subdivision regulations against Wooded Acres while never attempting to enforce them against either Greystone or KC's Kove; and (3) the trial court erred in awarding attorney's fees. The City offers neither a citation nor convincing argument for its assignments of error.

■ As we have said many times, when the appellant does not cite any authority, nor make a convincing legal argument, and where it is not apparent without further research that the point is well taken, we will affirm. We will not do the appellant's research for him. *Granquist v. Randolph*, 326 Ark. 809, 934 S.W.2d 224 (1996); *Firstbank of Arkansas v. Keeling*, 312 Ark. 441, 850 S.W.2d 310 (1993). Here, the City in its brief, which consists of five individual points spanning a total of seven pages, adduces no case law or other authority for its contentions. For example, the City opens each point on appeal by stating, "[t]he standard of review for this issue is whether the circuit court judge was 'clearly erroneous.'" Not once in its five-time recitation of the standard of review does the City support its position with citation to authority. It is impossible for this court to conduct a meaningful review in a case where the appellant offers no authority or convincing argument to support allegations of error.

■ In sum, we affirm the trial court's ruling because of the City's failure to demonstrate reversible error. *Qualls v. Ferritor*, 329 Ark. 235, 947 S.W.2d 10 (1997).

Affirmed.