Cite as 2021 Ark. 42

# SUPREME COURT OF ARKANSAS
No. CV-20-456

| | |
|---|---|
| C.J. MAHAN CONSTRUCTION CO., ET AL.<br><br>APPELLANTS<br><br>V.<br><br>PAUL BETZNER, ET AL.<br><br>APPELLEES | **Opinion Delivered:** March 4, 2021<br><br>APPEAL FROM THE PRAIRIE COUNTY CIRCUIT COURT [NO. 59SCV-17-38]<br><br>HONORABLE ROBERT. BYNUM GIBSON, JR., JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Appellants, which we collectively refer to as Mahan,[1] appeal the certification of a class action against them. As a foundational argument, Mahan contends the class is not ascertainable because it is administratively unfeasible for the court to determine class membership. It also challenges the circuit court's finding that the common issues predominate. Finally, it contests the court's certification of the breach-of-contract claim. We affirm the circuit court's order certifying the class.

---

[1]Appellants are Parsons Construction Group, Inc.; C.J. Mahan Construction Company, LLC; Parsons-Mahan Joint Venture; Anthony Cruz; Scott Richardson; Chris Gentry; and Bryan Hoffman.

## I. *Procedural History*

Paul and Rhonda Betzner, James and Tiffani Alberson, and Kelley Kelly[2] filed a class-action complaint against Mahan. Plaintiffs alleged, on their own behalf and for others similarly situated, that they had their water systems contaminated with sewage because of Mahan's negligence. The Arkansas Highway and Transportation Department hired Mahan as the general contractor on the White River Bridge Expansion Project in Prairie County. Plaintiffs alleged Mahan damaged utility lines while excavating the project site. Rather than hire a licensed plumber to repair the lines, Mahan attempted to repair the lines and during the process cross-connected the water line to the sewer line, which caused raw sewage to enter the water systems of the East Prairie County Water Association (EPC) and the Biscoe Water Association (BWS). EPC and BWS supplied plaintiffs' water. The complaint alleged causes of action for medical monitoring, negligence, and strict liability. Plaintiffs later amended their complaint to include claims for outrage, trespass, and breach of contract. Their alleged damages included compensatory and punitive damages for physical injuries and for diminished value of their property due to the contamination.

Plaintiffs moved for class certification. After a hearing, the circuit court certified the class as to the negligence and breach-of-contract claims. The circuit court found, *inter alia*, that the class was ascertainable and entered an order with findings of fact on each prerequisite, including that common issues among the class members predominated over

---

[2]The "Amended Class Action Complaint" added the Calvin Fred Betzner Revocable Trust; Tiffani Alberson, as parent and next of friend of MJ, a minor; Tony Patterson; and the City of Fredonia a/k/a City of Biscoe as plaintiffs.

any individual issues. Mahan brought this interlocutory appeal from the circuit court's order certifying the class. Ark. R. App. P.–Civ. 2(a)(9) (2019).

## II. *Standard of Review and Applicable Law*

Arkansas Rule of Civil Procedure 23 (2019) governs the certification of a class action. Circuit courts have broad discretion in class certification, and we will not reverse a circuit court's decision to grant or deny class certification absent abuse of discretion. *Philip Morris Cos., Inc. v. Miner*, 2015 Ark. 73, 462 S.W.3d 313. When we review a class-certification order, we focus on the evidence in the record to determine whether it supports the circuit court's certification. *Id.* We concentrate on whether the Rule 23 requirements are met because at this stage that is the issue before the court and not whether the complaint will succeed on the merits or states a cause of action. *Id.*

Rule 23 imposes six prerequisites for certification of a class-action complaint: (1) numerosity; (2) commonality; (3) typicality; (4) adequacy; (5) predominance; and (6) superiority. Ark. R. Civ. P. 23(a), (b). Along with these six requirements, the circuit court must identify the class with a precise definition, where membership will be ascertainable. *See Baptist Health v. Hutson*, 2011 Ark. 210, 382 S.W.3d 662. On appeal, Mahan's only Rule 23 challenges are the ascertainability of the class and whether common issues predominate.

## III. *Ascertainability of Class*

Mahan argues that the class definition is not administratively feasible because of the difficulty determining the owners of the damaged property. The circuit court certified the following class: (1) the BWS and the EPC; (2) the BWS and EPC customers; those natural

persons residing in the dwellings or structures that those accounts service; and (3) the property owners during September 1–September 6, 2017, as shown by the records of the Recorder for Prairie County and that were serviced by the 329 accounts listed in plaintiffs' exhibits.

First, Mahan argues that the court cannot easily ascertain the property owners because the circuit court must determine title to all the properties involved. We disagree. The identity of the class members must be ascertainable by reference to objective data without requiring the circuit court to inquire into the facts of each class member's case. GGNSC *Arkadelphia, LLC v. Lamb*, 2015 Ark. 253, at 20, 465 S.W.3d 826, 837. In *SEECO, Inc. v. Snow*, 2016 Ark. 444, 506 S.W.3d 206, we held that the court could determine citizenship even though that analysis relied on multiple factors and turned on various issues. Here, the defined class requires an even simpler analysis: proof of property ownership, which can be determined by public records. Reliance on public property records would hardly require the extensive or individualized fact-finding missions Mahan claims.

Second, Mahan asserts the water-company customers and residents cannot be ascertained easily. Some people with water accounts did not reside at the property. And the definition does not readily identify every person who resided in the dwellings. These arguments are like ones made in *Miner*, 2015 Ark. 73, at 16–17, 462 S.W.3d at 322–23. There, defendants argued that the class was unascertainable because membership could be proved only through receipts and that plaintiffs who could not provide receipts could not join. *Id.* We rejected that argument because "consumers can prove their class membership

4

in other ways, for example, by an affidavit or through testimony." *Id.* at 16, 462 S.W.3d at 323.

Similarly, here, customer status and residency provide objective criteria for ascertaining membership without requiring an investigation into the merits of individual claims. The terms "customer" and "residing in" are readily understandable, and the court can resolve any discrepancies through billing records and affidavits, if necessary. *See also Teris, LLC v. Chandler*, 375 Ark. 70, 74, 289 S.W.3d 63, 66 (2008) (holding that a class defined as those who "resided or occupied a business premise" within a defined area provided objective criteria for ascertaining class membership). We find no abuse of discretion in the circuit court's definition of the class.

IV. *Predominance*

Mahan next argues it was an abuse of discretion to certify the class because common issues of fact and law do not predominate over individual issues. The starting point in examining the predominance requirement is whether plaintiffs allege defendant committed a common wrong. *City of Conway v. Shumate*, 2017 Ark. 36, 511 S.W.3d 319. This element can be satisfied if the preliminary, common issues may be resolved before any individual issues. *Id.*

When deciding whether common questions predominate over individual questions, this court does not merely compare the number of individual claims versus common claims. *Id.* Rather, we decide whether the preliminary, overarching issues common to all class members "predominate over" the individual issues, which can be later resolved during the

5

decertified stage of a bifurcated proceeding. *Id.* Thus, the mere fact that plaintiffs may raise individual issues and defenses cannot defeat class certification where there are common questions about the defendants' alleged wrongdoing that must be resolved for all class members. *Id.*

The circuit court found that the following preliminary issues of law and fact predominated over individual inquiries, thus creating procedural efficiency:

1. Was Mahan's conduct merely negligent or reckless?

2. Did Mahan's conduct proximately cause sewage to be discharged into BWS and a portion of EPC?

3. Did the sewage released contaminate the BWS and a portion of the EPC systemwide?

4. If the answer to #3 is yes, then does the Arkansas Plumbing Code require replacement of the water lines in the two systems?

5. If replaced, does this obviate the need to consider plaintiff's claim for stigma damage to their property?

Mahan argues that proximate causation contains overriding individual issues that destroy predominance. In support of its position, Mahan cites *Simpson Housing Solutions, LLC v. Hernandez*, 2009 Ark. 480, 347 S.W.3d 1. In *Hernandez*, apartment residents alleged that a design flaw in the HVAC and hot-water systems exposed them to carbon monoxide. *Id.* The circuit court declined to certify the class because "the plaintiffs cannot establish the defendants' liability without addressing the individualized issues of proximate causation, which involve the extent of exposure . . . and how that exposure caused damage." *Id.* at 31,

347 S.W.3d at 19. We affirmed because proximate causation varied among each of the plaintiffs, and resulting damages also varied among those injured. *Id.*

Mahan suggests *Hernandez* stands for the proposition that tort actions are inappropriate for class certification. That, we have not said. Here, there are overarching issues common to the class that involve proximate causation and will establish liability. The circuit court noted those common issues in its certification order. The answers to those questions control dispositive issues for the entire class and could "wipe out the possibility of a claim for every class member." *Farmers Ins. Co., Inc. v. Snowden*, 366 Ark. 138, 233 S.W.3d 664 (2006). The common inquiries involving proximate causation do not require an examination of facts peculiar to each class member, as in *Hernandez.* Instead, they can be determined on a classwide basis, and they predominate over secondary, individual issues, like the extent of exposure and resulting injury. Additionally, we are mindful of our abuse-of-discretion standard of review. In *Hernandez,* we did not find that the circuit court abused its discretion in declining to certify the class. Here, the circuit court exercised discretion to certify the class, and we do not find it was an abuse of discretion.

Furthermore, while individual inquiries may arise once these overarching common issues are resolved, the circuit court can decertify the class in bifurcated proceedings. Indeed, the circuit court's order contemplated decertification "if the contamination is not system wide and there is no legal requirement to replace the pipes."

## V. *Contract Claim Against BWS*

Finally, Mahan alleges that the circuit court erroneously certified the breach-of-contract claim. This claim asserts that the City of Biscoe is a third-party beneficiary of the contract between Mahan and the State of Arkansas to build the bridge. On appeal, Mahan argues that the circuit court should not have certified this specific claim because, it contends, plaintiffs did not plead it as a class action in the operative complaint. We affirm on this issue because it is not preserved for appeal.

First, Mahan does not articulate as to which Rule 23 prerequisite the action fails. Neither to the circuit court, nor on appeal, does Mahan list one of the class-action criteria that prevents certification of the breach-of-contract claim, and it fails to cite any authority related to the prerequisites on this issue.[3]

Mahan instead argues that the circuit court should not have certified the breach-of-contract claim because plaintiffs did not allege it on behalf of the class in the complaint. However, plaintiffs pleaded that the issue of third-party beneficiaries to the bridge-construction contract was a common factual question to the class, which predominated over individual inquiries. The complaint specifically pleaded, "The predominance requirement is satisfied for *all causes of action* because the issues in common to the members of the proposed

---

[3]The only Arkansas case Mahan cites is not analogous. *See Farm Bureau Policy Holders v. Farm Bureau Mut. Ins. Co.*, 335 Ark. 285, 300, 984 S.W.2d 6, 13 (1998). *Farm Bureau* was an appeal from a final order in a class-action case; it was not an interlocutory appeal. We held that class claims cannot be added after class certification. But here, plaintiffs pleaded the breach-of-contract claim before class certification, and this claim was included in the class-certification order.

Class are not overshadowed by individualized claims." (Emphasis added.) Thus, Mahan was on notice that the breach-of-contract claim was subsumed in the class action.

Despite being on notice, Mahan failed to make the precise argument below that it makes on appeal, and it is therefore not preserved for our review. *See Hernandez*, 2009 Ark. 480, at 21–22, 347 S.W.3d at 14. While Mahan's response brief opposing class certification below specifically argued that the court should not certify plaintiffs' trespass and outrage claims because individual (case-by-case) issues would predominate over common issues, it did not make a similar argument for the breach-of-contract claim, and it certainly did not raise the operative complaint issue.[4] For this reason, we affirm.

Affirmed.

Special Justice CORY ALLEN COX joins in this opinion.

BAKER and WYNNE, JJ., dissent in part.

KEMP, C.J., not participating.

**ROBIN F. WYNNE, Justice, dissenting in part.** I join the majority opinion in affirming the points on appeal regarding the ascertainability of the class and the predominance requirement. I write separately because the argument regarding the certification of the breach-of-contract claim is clearly preserved. Accordingly, I respectfully dissent on that point.

---

[4]Appellant's sole mention of the breach-of-contract claim in opposing the class certification falls in a footnote stating, "That claim therefore has no application to the other plaintiffs, who are not water systems." Still, this statement pertained to its argument that the entire class action should not be certified––not a separate argument about the contract claim failing to meet one of the Rule 23 criteria.

On appeal, Mahan argues that the circuit court abused its discretion by certifying a breach-of-contract claim when that claim was not alleged on behalf of the class. Mahan states that when it responded to the motion for class certification, it pointed out that the second amended complaint asserted the breach-of-contract claim only for the City of Biscoe and that the claim thus did not apply to the other plaintiffs or to the proposed class. Mahan cites footnote 5 from its response:

> The second amended complaint also includes a claim for breach of contract, but that claim is asserted only on behalf of the City of Biscoe, which is alleged to be a third-party beneficiary of a contract with the Arkansas Department of Transportation. *See* 2d Am. Compl. at 20, ¶ 73 (alleging that "Plaintiff, City of Biscoe, was a third party beneficiary of the Contract"). That claim seeks as damages lost water revenue and replacement of the water system. *Id.* at 20, ¶ 75. That claim therefore has no application to the other plaintiffs, who are not water systems.

It is important to note that the response argued that plaintiffs failed to satisfy the requirements of an adequate class definition, predominance, and superiority. In addressing the predominance requirement, Mahan stated: "Here, plaintiffs have asserted claims for negligence, trespass, medical monitoring, and outrage. *See* 2d Am. Compl. at 12–19. [Footnote call number omitted.] The questions on which liability turns for each of those theories must be asked of each individual class members because they are not subject to common proof." The footnote explains Mahan's theory regarding the breach-of-contract claim—that it was particular to the City of Biscoe and therefore should not be included in a class certification.

A fair reading of Mahan's response to the motion for class certification shows that Mahan did in fact make the precise argument below that it makes on appeal. Under our

precedent, raising a specific argument and obtaining a ruling is all that is required to preserve an argument for appeal. *E.g.*, *Simpson Housing Solutions, LLC v. Hernandez*, 2009 Ark. 480, at 22, 347 S.W.3d 1, 14. Here, Mahan did both, and the appellees do not contend otherwise. This court should reach the merits.

Finally, despite concluding that the point is unpreserved, the majority begins its analysis by stating that Mahan has failed to "articulate as to which Rule 23 prerequisite the action fails." Mahan's opening brief on appeal provides:

> The circuit court "certifie[d] for class treatment Plaintiffs' common [sic] tort action and contract action." But plaintiffs as a whole do not have a breach of contract action. The only breach of contract action was on behalf of the City of Biscoe, which claimed that it was a third-party beneficiary of the contract between Parsons-Mahan and the State of Arkansas to build the bridge. That status arose from the City of Biscoe's contract supplying water and sewer to the Department of Transportation for the rest area. Those allegations do not mention the other plaintiffs or the class. Nor do they allege that any party other than the City of Biscoe is a third-party beneficiary of the bridge contract. And the damages claimed from that alleged breach of contract are particular to the City of Biscoe as well, consisting of the claim that "the City of Biscoe suffered the loss of water revenue from ARDOT, and contamination of its water system."

> When Parsons-Mahan responded to the motion for class certification, it pointed out that the second amended complaint asserted the breach of contract claim only for the City of Biscoe and that the claim thus did not apply to the other plaintiffs or to the proposed class. But the circuit court still certified the breach of contract claim for the entire class.

> That ruling was an abuse of discretion. The operative complaint controls the claims available for class certification. *See Farm Bureau v. Lee*, 335 Ark. 285, 300, 984 S.W.2d 6, 13 (1998) (holding that class could not add different claims after class certification); *see also Alvarez v. Office Depot, Inc.*, 2019 WL 2710750, at *5 (C.D. Cal. June 27, 2019) ("The operative complaint must provide adequate notice of the claims that underl[ie] the motion to certify the proposed class."). The operative complaint here did not assert a breach of contract claim on behalf of the class—only the City of Biscoe alleged

breach of contract and did not allege that claim on behalf of anyone but itself. So the circuit court abused its discretion by certifying a class claim that plaintiffs did not plead. The breach of contract claim should proceed as pleaded because the City of Biscoe's individual claim is particular to it alone.

(Citations to addendum omitted.) In my view, Mahan's argument is clear and well developed, and it should be addressed on appeal.

BAKER, J., joins.

*Wright Lindsey & Jennings LLP*, by: *Stephen R. Lancaster*, *Kyle R. Wilson*, *Scott A. Irby*, *Gary D. Marts, Jr.*, and *Jaimie G. Moss*, for appellants.

*Hall & Taylor Law Partners*, by: *Randy Hall* and *Mattie A. Taylor*; *Lovell, Nalley & Nalley*, by: *John Doyle Nalley*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellees.

12