Cite as 2022 Ark. 196
# SUPREME COURT OF ARKANSAS
**No.** CV-22-43

|  |  |
|---|---|
| MID-SOUTH ADJUSTMENT CO., INC. APPELLANT V. BRITTANY SMITH, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED APPELLEE | **Opinion Delivered:** November 3, 2022 APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-18-8245] HONORABLE TIMOTHY DAVIS FOX, JUDGE AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Mid-South Adjustment Co., Inc., appeals the circuit court's class-action certification order. The class action alleges Mid-South violated provisions of the Arkansas Fair Debt Collection Practices Act (Act) when attempting to collect debt on behalf of Jacksonville Water Works. Mid-South alleges the class definition is unworkable because it requires individualized inquiry into when each potential member made their last payment and when the statute-of-limitations period expired. Mid-South also argues that the circuit court erroneously found that a class action is a superior method for adjudication. Finally, Mid-South claims that Brittany Smith is inadequate as class representative and that she did not timely seek class certification. We affirm.

## I. *Background*

Smith's complaint alleges these facts. In March 2012, Smith leased a residence in Jacksonville, Arkansas, and applied to Jacksonville Water Works for water service. About a year later, Smith moved, and Jacksonville Water Works issued a final bill for $26.49. Because Smith did not pay that bill, her account entered default.

Over four years later, in December 2017, Mid-South, a third-party debt-collection agency, sent Smith a collection letter on behalf of Jacksonville Water Works for her outstanding balance. Smith sued, alleging that Mid-South attempted to collect a debt that was time-barred under the three-year statute-of-limitations period for unwritten contracts. If true, Smith contended Mid-South's notice violated several sections of the Act, including its prohibition on "false, deceptive, or misleading representation or means in connection with the collection of a debt" and "unfair or unconscionable means to collect or attempt to collect a debt." Ark. Code Ann. § 17-24-506(a), 507(a) (Repl. 2018). Later, Smith sought class certification.

## II. *Law and Analysis*

The circuit court certified the class action and defined the class as follows:

> [A]ll individuals in Arkansas to whom Defendant sent a letter which (1) identified Jacksonville Water Works as a Client; (ii) [sic] sought to collect a debt on which the last payment was made more than three years prior to the letter; and (iii) [sic] which was sent on or after December 2, 2017.

Mid-South filed this interlocutory appeal from the circuit court's order granting class certification. *See* Ark. R. App. P.–Civ. 2(a)(9).

Arkansas Rule of Civil Procedure 23 imposes six prerequisites for certification of a class-action complaint: (1) numerosity; (2) commonality; (3) typicality; (4) adequacy; (5) predominance; and (6) superiority. Ark. R. Civ. P. 23(b) (2021); *Shelter Mut. Ins. Co. v. Baggett*, 2022 Ark. 149, 646 S.W.3d 106. Additionally, the class definition must be "sufficiently definite" for a court to determine who falls inside the class. *Id*. The identity of the class members must be ascertainable by reference to objective criteria. *Teris, LLC v. Golliher*, 371 Ark. 369, 373, 266 S.W.3d 730, 733 (2007) (cleaned up). Circuit courts have broad discretion over class certification, which we will not reverse absent an abuse of discretion. *Baggett*, 2022 Ark. 149, at 3, 646 S.W.3d at 111.

## A. Class Definition

Mid-South first challenges the class definition. It alleges the class definition requires unworkable individual determinations. Mid-South claims that it is untenable to pull every letter, cull those who may be within a three-year and possible five-year statute of limitations period, and review the payment history of each potential class member. It also argues that this information is retained by Jacksonville Water Works, a nonparty.

We have held that the class definition must identify class members by objective criteria. *C.J. Mahan Constr. Co. v. Betzner*, 2021 Ark. 42. We have noted problems with a class definition when it involved substantive merits-based issues or required complicated, fact-based, or subjective inquiries. *Baggett*, 2022 Ark. 149, at 4, 646 S.W.3d at 111. For example, in *Ferguson v. Kroger Co.*, 343 Ark. 627, 633–34, 37 S.W.3d 590, 594 (2001), we agreed with the circuit court that an inquiry that involved five criteria to determine each class member's intent was too complex and subjective. In contrast, in *Baggett*, we recently

3

affirmed class certification over the defendant's argument that the class definition wasn't readily ascertainable because it required a review of each member's insurance-claim file. *Baggett*, 2022 Ark. 149, at 4, 646 S.W.3d at 111. We said, "[A] class member can be determined by reviewing whether the requested payment and the received payment were different." *Id*. at 5, 646 S.W.3d at 112.

This class membership has objective criteria, and the dates are ascertainable. The members must be individuals who are in Arkansas and that Mid-South sent a letter to, on or after December 2, 2017, that identified Jacksonville Water Works as a client. Additionally, these individuals must have made their last payment on the debt sought to be collected more than three years before they received the letter.

Mid-South's argument about the applicable statute-of-limitations period concerns the merits and the eventual ruling on whether the debt involved a written contract. But that issue, which is not before us, does not impair the objectiveness of the criteria. *See The Money Place, LLC v. Barnes*, 349 Ark. 518, 78 S.W.3d 730 (2002). Finally, Mid-South's argument that Jacksonville Water Works controls the records implicates discovery and falls outside our Rule 23 review. That is within the scope of the circuit court's control.

## B. Superiority[1]

Mid-South next argues that a class action is not a superior method to individual lawsuits. Superiority is met if class certification is the more efficient way of handling the case and is fair to both sides. *ChartOne, Inc. v. Raglon*, 373 Ark. 275, 283 S.W.3d 576 (2008).

---

[1]Mid-South also asserts generally that the Rule 23 requirements of commonality and predominance are not satisfied. However, these arguments are cursory, and we do not

4

Mid-South argues that a class action is not superior because class members may obtain a greater recovery in individual actions. The Act sets up this recovery scheme: individual plaintiffs may recover statutory damages not exceeding $1,000, but in class actions, the class, as a group, is limited to damages of the lesser of $500,000 or 1 percent of the net worth of Mid-South. Ark. Code Ann. § 17-24-512(a)(2)(A)–(B). According to Mid-South, the maximum recovery for members, given the estimated class size and its submitted net worth, would equal the nominal amount of ninety-two cents per person. But if those class members proceed individually, they could recover up to $1,000. Mid-South argues that this nominal potential recovery renders a class action inferior to individual litigation.

We reject this argument because the class members' award is, at this stage, speculative. We do not now know whether individual members would receive $1.00 or $1,000.00. The proposed class size may change as any class member who wishes to proceed individually could opt out of the class. And we do not know definitively Mid-South's net worth.

Moreover, here, class-action adjudication is both fair and efficient. It would not be cost effective or judicially efficient for each class member to file separate lawsuits, nor would it be convenient for Mid-South to defend multiple claims under this Act. *See Philip Morris Cos., Inc. v. Miner*, 2015 Ark. 73, at 14–15, 462 S.W.3d 313, 321. We therefore conclude that the circuit court did not err in finding that the class action is the superior method.

---

address them on review. *City of Greenbrier v. Roberts*, 354 Ark. 591, 594, 127 S.W.3d 454, 456 (2003).

## C. Class Representative

Mid–South also argues Brittany Smith is not an adequate class representative. Ark. R. Civ. P. 23(a) requires "representative parties and their counsel [who] will fairly and adequately protect the interests of the class." A class representative must display a minimal level of interest in the action, familiarity with practices challenged, and the ability to assist in decision making as to the conduct of the litigation. *Asbury Auto. Grp., Inc. v. Palasack*, 366 Ark. 601, 237 S.W.3d 462 (2006).

Mid–South's argument centers on Smith's conduct at her deposition. It alleges Smith lacks familiarity with the facts of the case because she initially testified that she thought she was appearing in a different lawsuit and because she believed the lawsuit arose from a credit-reporting law, not the Act. It adds that Smith was evasive and took frequent breaks during the deposition.

Despite the foregoing, we affirm because the circuit court did not abuse its discretion. At her deposition, when asked what her claims were in this lawsuit, Smith responded "that the debt was too old to be collected." And when asked about her role in the case, Smith said, "I know I'm representing other people that have probably paid a [sic] old debt that they no longer owed, or it was too old to collect on . . . ." In sum, Smith expressed that she is familiar with the practices challenged and can assist counsel make litigation decisions. Therefore, we also affirm on this point.

## D. Timeliness

Finally, Mid–South argues that Smith failed to timely seek certification of a class. Rule 23(b) requires "at an early practicable time after the commencement of an action

6

brought as a class action, the court shall determine by order whether it is to be so maintained." Ark. R. Civ. P. 23(b). Plaintiff filed her motion for class certification about eighteen months after her amended complaint. We do not find this amount of time unreasonable based on the progression of the action in the record. To the extent Mid–South also argues on appeal that the circuit court failed to timely rule on the motion to certify the class, that was not argued to the circuit court. As it was not preserved, we do not consider it on appeal. *C.J. Mahan Constr. Co.*, 2021 Ark. 42, at 8.

Affirmed.

*Clarke Tucker Law, PLLC*, by: *Clarke Tucker*, for appellant.

*Corey D. McGaha PLLC*, by: *Corey D. McGaha*; and *Turner and Turner, P.A.*, by: *Todd M. Turner* and *Dan O. Turner*, for appellee.