Cite as 2025 Ark. App. 111

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-23-776

| | |
|---|---|
| MICHELLE EDWARDS<br><br>APPELLANT<br><br>V.<br><br>KAITLEN CAIRNS<br><br>APPELLEE | Opinion Delivered February 26, 2025<br><br>APPEAL FROM THE SCOTT COUNTY CIRCUIT COURT [NO. 64DR-23-57]<br><br>HONORABLE DANNY THRAILKILL, DISTRICT JUDGE<br><br>REVERSED |

**RAYMOND R. ABRAMSON, Judge**

Appellant Michelle Edwards appeals the Scott County Circuit Court's August 3, 2023 order granting appellee Kaitlen Cairns's petition for a final order of protection against her.[1] In this one-brief appeal, Edwards argues the circuit court erred in issuing an order of protection when it relied solely on the fact that a physical altercation had occurred. We agree and reverse.

---

[1] The case was heard in the circuit court by a district court judge pursuant to Administrative Order No. 18. See Arkansas Supreme Court Administrative Order No. 18(6)(b), which provides that a state district court judge may be referred matters pending in the circuit court: "A state district court judge presiding over any referred matter shall be subject at all times to the superintending control of the administrative judge of the judicial circuit." Ark. Sup. Ct. Admin. Order No. 18(6)(b). Referred matters can include any case in the civil, probate, or domestic-relations division in which the parties have agreed in writing to proceed in the district court; "protective orders"; forcible entry and detainers and unlawful detainers; and other matters. Ark. Sup. Ct. Admin. Order No. 18(6)(b)(1)–(4).

Cairns petitioned the circuit court for an order of protection on April 26, 2023. An ex parte order was issued on the same day for Cairns and her minor children against Edwards.[2] Cairns failed to appear for the final hearing on July 5, 2023, so the case was continued to August. A hearing was held on August 3 at which both Cairns and Edwards testified. No other witnesses testified. After the hearing, a final order of protection was issued against Edwards, and she timely filed her notice of appeal on August 31.

During the final hearing, Cairns stated that her mother, Edwards, had punched her in the face on April 25. She said Edwards just "showed up" without warning. Cairns stated Edwards was on the porch, and she told Edwards that she should leave. After Cairns pushed Edwards, Edwards punched Cairns in the face and pulled her hair. Cairns had no marks from the altercation. Edwards followed Cairns inside and broke down the bathroom door, but Cairns testified she did not know how. No other violence occurred.

Edwards testified that she went to Cairns's house that day because her granddaughter had a baseball game. When told to go to the porch, she did. Cairns came out to the porch and hit Edwards's arm and then hit her in the face. Edwards suffered black eyes, and her glasses were knocked off her face from the punch. Edwards's neck was twisted, and she said she bit Cairns in self-defense.

The court ruled that "there's plenty of evidence based on your testimony you bit her," to enter the order of protection. Additionally, the court stated that Edwards should have left

_____

[2]Edwards is Cairns's mother.

when told and that the testimony was sufficient to issue a protective order. The circuit court found that "both agree that you were fighting on the front porch, so that's prima facie evidence that an order of protection should be entered." A final one-year order of protection was entered against Edwards, but it did not include Cairns's children who were previously included in the ex parte order. This appeal followed.

The standard of review following a bench trial is whether the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Hopper v. Hopper*, 2023 Ark. App. 504, 678 S.W.3d 602. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* Disputed facts and determinations of the credibility of witnesses are within the province of the fact-finder. *Id.*

Here, Cairns filed for an order of protection pursuant to Arkansas Code Annotated section 9-15-201 (Repl. 2020) of the Domestic Abuse Act. Under section 9-15-205 (Repl. 2020), when a petition for an order of protection is filed under the Domestic Abuse Act, the circuit court may provide relief to the petitioner upon a finding of domestic abuse. "Domestic abuse" is defined as "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault between family or household members." Ark. Code Ann. § 9-15-103(4)(A) (Repl. 2020).

The court made no specific findings but stated there was "plenty of evidence based on [Edwards]'s own testimony that [Edwards] bit [Cairns]." Further, the court stated both Edwards and Cairns "agree you were fighting on the front porch, so that's prima facie

evidence that an order of protection should be entered." We hold that this is insufficient to enter an order of protection, and moreover, this is an incorrect statement of the law.

As the petitioner, Cairns had the burden to prove her allegations of domestic abuse by a preponderance of the evidence, *see Crews v. Crews*, 2022 Ark. App. 68, 640 S.W.3d 700; *Morales v. Garcia*, 2021 Ark. App. 438; *Oates v. Oates*, 2010 Ark. App. 345, 377 S.W.3d 394, i.e., that it was more likely than not that domestic abuse occurred. *See Turner v. State*, 2017 Ark. App. 682, 537 S.W.3d 299. It was not Edwards's burden to prove otherwise. Because the circuit court did not make the requisite findings, we must reverse.

The court never stated that Cairns had or had not made her case by a preponderance of the evidence, nor did it make any credibility determinations, which is well within the province of the fact-finder. *See Hopper*, *supra*. Instead, it simply stated that there had been a fight—demonstrating, at most, that the circuit court found both parties credible—which was enough to enter the order of protection. That is not a permissible basis for issuing an order of protection. The law requires "an immediate and present danger" of domestic abuse. *See* Ark. Code Ann. § 9-15-103(4)(A).

No evidence of that requirement was presented in this case. The testimony established that this was a one-time incident and that the parties had had no further contact after the altercation and before the final order was entered. Therefore, we reverse.

Reversed.

HIXSON and BROWN, JJ., agree.

*Lisa Norris*, for appellant.

4

One brief only.