Cite as 2026 Ark. App. 187

# ARKANSAS COURT OF APPEALS
## DIVISIONS IV, I & II
### No. CV-24-692

| | | |
|---|---|---|
| ROBERT WELLS | | **Opinion Delivered** March 18, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CV-22-180] |
| V. | | |
| TIMOTHY RANDALL | | HONORABLE ANDREW S. BAILEY, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## BRANDON J. HARRISON, Judge

Jon Krakauer's account of the 1996 Mount Everest disaster quotes a guide who had tried to lead climbers to camp at night in whiteout conditions. "I walked over this little rise, and it felt like I was standing on the edge of the earth. I could sense a huge void just beyond."[1] He was right. The group "had unwittingly strayed to the easternmost edge" of Everest's South Col, "right at the lip of the 7,000-foot Kangshung Face."[2] The lesson is, if you don't know where your steps will land, keep your feet on the ground. That sage advice applies to certain appeals, too. This is one of them.

Robert Wells appeals after a bench trial in a replevin case. The circuit court awarded Timothy Randall a judgment against him for $14,800, the value of a wheel-alignment

---

[1]Jon Krakauer, *Into Thin Air: A Personal Account of the Mt. Everest Disaster* ch. 16 (1997).

[2]*Id.*

machine Randall had sued to recover.[3] By trial, Wells could not return it. Four days earlier, a tornado had destroyed the storage unit where he kept the machine.

To recover in replevin, the plaintiff must establish "a general or special property interest in a thing taken or detained" and that "right of possession or ownership must be one by a title recognized at law," not equity alone. *Anderson v. Sharp Cnty.*, 295 Ark. 366, 369–70, 749 S.W.2d 306, 308 (1988). The parties submitted the case to the circuit court for decision on the proof; it consisted mostly of their testimony, which directly conflicted at times. No one argued about the legal significance of any fact, disputed or otherwise.[4] Randall was pro se. The circuit court did not explain why it made this award or cite cases in support; and the parties never asked it to.

On appeal, Wells points to his testimony and cases like *Anderson* and asks us to conclude that the damages award is unsupported because he, Wells, had legal title to the machine. Randall points to his own testimony and asks us to affirm because legal title was his. On day one of the dispute, the machine belonged to neither man. Determining who acquired what rights in it afterward on this record—or even what transaction or circumstance conferred those rights—would involve the law of contracts, auctions, bailments, debtor-creditor relations, agency, and joint enterprise, and perhaps more. And just as the parties did in circuit court, they have left all the analysis to us.

---

[3]That amount reflected a setoff to Wells of $2,200 from a $17,000 valuation.

[4]In fact, the record includes no argument on any issue at any time.

No thanks.  We decline to step off into the void and argue the title issue de novo for one side or the other.  Our dissenting colleagues choose otherwise; that is their prerogative.  But our opinions are precedent for what we decide.  Ark. Sup. Ct. R. 5-2(c).  A merits decision in this case could affect title to property throughout Arkansas.[5]  The circuit court handled the parties' dispute in as fulsome a manner as they permitted.  Someone had to win.  Randall did.  To reverse that judgment, Wells must demonstrate reversible error here.[6]  He has not done so.

Affirmed.

KLAPPENBACH, C.J., and VIRDEN, GLADWIN, BARRETT, and MURPHY, JJ., agree.

ABRAMSON, TUCKER, and THYER, JJ., dissent.

**CASEY R. TUCKER, Judge, dissenting**. The majority's observation—that "the circuit court did not explain why it made [the] award"—is incorrect. The circuit court made a clear finding here—that the oral agreement between Wells and Randall entitled Randall to a judgment of replevin. To be sure, the court did not cite any cases. It also did not explain its finding or cite evidence in support of it. In the days before we applied this new and bold "someone had to win" standard of review, we would call this reversible error. We still should.

Wells sued no one. Wells had no burden of proof. Yet, that is what the majority undoubtedly implies by affirming the circuit court's finding that Randall proved by a

---

[5]For that reason, we decline to recite the testimony.  It could only mislead a reader to think we have decided where title lay on those facts.

[6]*E.g.*, *City of Greenbrier v. Roberts*, 354 Ark. 591, 127 S.W.3d 454 (2003) (summarily affirming for failure to demonstrate reversible error).

preponderance of the evidence that he proved his case for replevin. What the majority chose to ignore is the fact that the circuit court did indeed make findings and conclusions of law when it issued an order that stated:

> 3. . . . The Court finds that [Wells] provided $2,200 in cash for [Randall] to purchase the contents of the storage unit and the agreement was that [Wells] would recoup his investment by choosing items of value from the contents.
>
> . . . .
>
> 9. Considering the parties' agreement and the evidence presented at trial that the property withheld from [Randall] had been destroyed, the Court awards [Randall] judgment in the amount of $14,800 against [Wells]. This amount is based on the value of the alignment machine with credit to [Wells] for the purchase price he advanced for the purchase of the storage unit contents.

At the outset of this case, the circuit court correctly advised Randall that "[t]his is a replevin action so how this will go is since you have the burden of proof you'll go first and you will tell me what you want me to know." Before an order of delivery or an award of damages may be issued, the existence of a right of possession in the petitioner must be established by proof. Ark. Code Ann. § 18-60-804(d) (Repl. 2015). It is the plaintiff's burden to sufficiently demonstrate ownership and entitlement to possession of property in dispute. *Williams v. Harrell*, 226 Ark. 115, 288 S.W.2d 321 (1956).

Randall had the burden of proving his ownership and entitlement to possession. He claimed and testified that he owned the wheel alignment machine because he paid for it with $2,200 of his own money.[1] Wells offered conflicting testimony that he gave Randall

---

[1]The purchase price of $2,200 was for the contents of the storage unit Randall bid on through an online auction, but the only asset we discuss is the wheel alignment machine because it was the only item addressed by the circuit court's ruling.

4

$3,000 to complete the purchase of the wheel alignment machine and, for that reason, considered himself the owner of the property. The court believed Wells—finding that he had given Randall the money. After rejecting Randall's only claim to ownership, the circuit court should have stopped there and awarded judgment in favor of Wells.

Instead, the court went too far and awarded Randall a monetary judgment on the basis of Randall's allegation that he and Wells had an oral agreement, which is not supported by the evidence.[2] The circuit court's finding that Wells paid for the contents of the storage unit guts all rights of ownership or possession claimed by Randall.

By accepting Wells's testimony that he provided the money and thereby rejecting Randall's claim that he paid for the item, there was no basis for the court to find that Randall had an ownership interest in the item.

The majority states that "someone had to win," but we certainly cannot reward a party when he fails to meet his burden because "someone had to win." Since when did our standard of review affirming a circuit court's order become because "someone had to win"? When the burden rests on the complaining party—Randall—and he failed to meet the burden—we should reverse and dismiss.[3] The circuit court clearly erred in its ruling.

**CINDY GRACE THYER, Judge, dissenting**. This case does not require us to step in and make a de novo determination of which man, Wells or Randall, owned the wheel-

---

[2]Randall took the money he obtained from Wells and used Wells's company vehicle to pick up the items in the storage unit. Randall testified he and Wells discussed that Wells would have the first right to purchase the items. But Wells testified that he considered the money he gave for the items to be sufficient payment for any items in the unit.

[3]The majority said it best in footnote 3: "In fact, the record includes no argument on any issue at any time."

5

alignment machine. The circuit court already made factual findings and awarded replevin to Randall. Wells challenges the sufficiency of the evidence supporting those findings. All we must do now is apply our time-worn "clearly erroneous" standard of review to determine whether the evidence admitted during the bench trial supports the circuit court's decision. It does not; and simply saying so would not break any new ground or create ill-advised precedent.

Randall sued for replevin, claiming that he paid for property in an abandoned storage unit, including the wheel-alignment machine, with cash that he withdrew from his bank account. He testified that Wells, his employer at an auto-repair shop, lent him a delivery truck to drive to Conway and retrieve the items. Randall testified that in exchange for the use of his truck, Wells wanted the first chance to buy some of the items from Randall. In contrast, Wells testified that he gave Randall the money to buy the property in the storage unit. Randall's offer to sell him the items upon his return from Conway "struck [Wells] wrong" because Wells already considered himself the owner of the property. He told Randall that he was not obligated to pay any more money. Wells later fired Randall and kept the items from the abandoned storage unit, causing Randall to petition the circuit court for delivery of the items. All the property was later destroyed in a tornado.

After considering the conflicting testimony, the circuit court found that Wells "provided [the] cash for [Randall] to purchase the contents of the storage unit and the agreement was that [Wells] would recoup his investment by choosing items of value from its contents." The court ruled that

> [c]onsidering the parties' agreement and the evidence presented at trial that the property withheld from [Randall] has been destroyed, the Court awards [Randall]

6

judgment in the amount of $14,800 against defendant [Wells]. This amount is based on the value of the alignment machine with credit to [Wells] for the purchase price he advanced for the purchase of the storage unit contents.

On appeal, Wells challenges the sufficiency of the evidence supporting the circuit court's finding that Randall had a possessory interest in the wheel–alignment machine based on an alleged oral agreement. If we apply our clearly erroneous standard of review, we must agree.

It bears emphasizing that Randall had the burden of proving his immediate right to possess the property, *see* Ark. Code Ann. § 18-60-820(a) (Repl. 2015), and he never claimed—or offered any proof—that his possessory interest in the items from the storage unit was granted to him in an oral agreement with Wells. Rather, he simply claimed that he owned the property because he paid for it.

The circuit court's judgment awards the value of the alignment machine to Randall despite rejecting his *only* claim to ownership, choosing instead to credit Wells's testimony that he, not Randall, supplied the money to purchase the items in the storage unit. Rather than stopping there, the circuit court went on to find that Randall still had a possessory interest based on *Wells's* version of their alleged oral agreement in which he "would recoup his investment by choosing items of value from the contents." Neither the circuit court nor the record set forth the terms of any agreement that grants Randall a possessory interest in the property.

"A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made." *Edwards v. Cairns*, 2025 Ark. App. 111, at 3, 708 S.W.3d 81, 83.

7

Here, there is no evidence to support the circuit court's finding of an oral agreement granting Randall a possessory interest in personal property that the court found had been paid for by Wells. For that reason, I would reverse and dismiss.

ABRAMSON, J., joins in this dissent.

*Phillip A. Moon Law Office*, by: *Phillip A. Moon*, for appellant.

*Davis Law Firm*, by: *Steven B. Davis*, for appellee.